## Posey & Tompkins *v.* Mobile County.

*Action against County for Attorney's Fees.*

*Liability of county for fees of counsel appointed by court to defend accused persons in criminal cases.*— When an attorney is appointed by the court to defend accused persons who are unable to employ counsel (Rev. Code, § 4171), he cannot maintain an action against the county to recover his fees for services so rendered.

APPEAL from the Circuit Court of Mobile.

The record does not show the name of the presiding judge.

The complaint in this case was in these words: "The plaintiffs, partners in the practice of law, claim of the defendants eight hundred dollars, due by account on the 1st day of July, 1871, for professional services as counsel rendered by plaintiffs

in defending certain persons, named below, who were indicted, arraigned, and tried in the city court of Mobile, viz.," setting out the names of the persons so defended, and the offences with which they were severally charged. " And plaintiffs aver that they were, at the time of rendering said services, counsel licensed to practise in said court, and were appointed by the presiding judge of said court as counsel for said persons, who had no counsel, and were unable to employ counsel. And plaintiffs further aver that they performed said services under the appointment by said court ; and that their said claim was presented to the court of county commissioners of said county, within less than twelve months after it became due, and was rejected by said court."

The court sustained a demurrer to the complaint, " because there is no cause of action therein shown against the defendant ; " and its judgment on the demurrer is now assigned as error.

POSEY & TOMPKINS, *pro sese.*

C. W. RAPIER, *contra.*

PETERS, C. J. — The county is a corporation created by law, and the duties imposed upon it are such as the law expressly requires it to perform, or such as are incidental to its very existence. *Covington County* v. *Kinney,* 45 Ala. 176, 182 ; Rev. Code, § 897. Then, it may be asked, in view of the question suggested in this suit, is there any express statute, making it the duty of a county, in which a criminal prosecution is instituted or conducted, against parties charged with public offences, to furnish the parties so charged with counsel to defend them on the trial of such charges, when the accused may be unable to employ counsel? This is not pretended ; because such a statute is nowhere to be found, at least as applicable to the county of Mobile, since the repeal of the act entitled " An act to appoint counsel in certain cases," approved December 30, 1868. Pamph. Acts 1868, p. 490, Act No. 144 ; Pamph. Acts 1870, 1871, p. 44, Act No. 47. No such act has been brought to the notice of the court by the learned counsel for the appellants. Then, it may be presumed that no such special statute exists. *Quod non apparet, non est.* Then, we inquire, in the second place, is it a duty necessary for the existence of the county as a corporation? Most certainly not. But it is contended by the appellants, that the accused, in all criminal prosecutions, is clothed by the fundamental law with " a right to be heard by himself or counsel, or either." Const. Ala. 1868, Art. 1, § 8. This is very true ; but the State does

[Cross v. Langley.]

not, by this right, undertake to furnish counsel for the accused. It has never been so construed; otherwise the general assembly would have enacted a proper statute to carry this right into effect. No such enactment has been passed, as a general law; and when tried in special cases, it has been soon abandoned as impolitic. The statute which directs that, if the accused "is unable to employ counsel, the court must appoint counsel for him, not exceeding two, who must be allowed access to him at all reasonable hours," makes no provision for the payment of counsel fees. And upon the principle, that whatever is omitted in a law, is not intended, I feel bound to come to the conclusion, that the State does not in any way assume a liability to pay fees for such services. *Expressum facit, cessare tacitum.* Rev. Code, § 4171. Their defence is a duty imposed by law upon attorneys licensed to practise in the courts of the State as such; and it is the duty of the courts to enforce it. If counsel wilfully refuse to discharge this duty, on a proper order of the court, they should be removed or suspended. Rev. Code, §§ 4171, 882, cl. 2, 872, cl. 7. Beyond this, the general assembly has not deemed it wise to proceed. This is, also, the boundary of the powers of the courts. I, therefore, feel impelled to declare, that the county of Mobile is not liable to pay for services performed by counsel appointed by the court to defend parties accused of offences in certain cases, when the accused is unable to employ counsel. Rev. Code, § 4171. In this view of the law, the court was correct in the judgment below.

The judgment of the court below is, therefore, affirmed.