# Barbour County *v.* Clark.

*Action by County Treasurer against County.*

*County treasurer's right to commissions on taxes collected to pay interest on county railroad bonds.* — When a county has subscribed for stock in a railroad company, under the provisions of the act approved Dec. 31, 1868 (Session Acts 1868, p. 514), and issued its bonds for the amount of its subscription, and has levied and collected a special tax to pay the interest on such bonds, the county treasurer is not entitled to commissions on the funds so collected, nor can he claim that the money should pass through his hands.

APPEAL from the City Court of Eufaula.

Tried before the Hon. E. M. KEILS.

This action was brought by James Clark, county treasurer of Barbour, against the appellant as a corporation. The complaint contained two counts : the first claiming $1,000, being five per cent. of $20,000 levied and collected by said county, as a special tax, during the year 1871–2, for the purpose of paying the interest on certain county bonds issued in aid of the Vicksburg & Brunswick Railroad, " which were paid by the tax-collector of said county into the hands of one Whitfield Clark, who was then acting as the financial agent of said county," and which said plaintiff " was by law entitled to receive and pay out as county treasurer of said county ; " and the second claiming the same sum as his commissions, or compensation, for receiving and paying out the sum of $20,000, collected as special tax during the year 1872–3, " which said funds were received by plaintiff as such county treasurer, and by him paid out in full for the interest which had accrued on said bonds." In the statement of facts contained in the opinion of the court, this distinction between the two counts is not noticed. The overruling of a demurrer to each count in the complaint, and the charge of the court to the jury, in favor of the plaintiff's right to recover on the facts proved, are now assigned as error.

JOHN A. FOSTER, for appellant.

R. D. LOCKE, with WOOD & ROQUEMORE, *contra.*

PETERS, C. J. — This is a suit instituted by the county treasurer of Barbour county, against the county of Barbour, on the 20th day of June, 1873, for the sum of two thousand dollars. The complaint contains two counts. There was a demurrer to each of these counts, which was overruled, and a trial by a jury on a plea to the merits. Upon a charge of the court, which was, in effect, a reaffirmance of the decision of the question raised by the demurrers, there was a verdict for the plaintiff in the court below, for two thousand dollars, and judgment for this sum, and costs. From this the county appeals, and here "assigns as error the ruling on the demurrers, and the charge to the jury, which were excepted to."

The facts stated in the complaint show, that the court of county commissioners of said county of Barbour, in the tax year 1871 and 1872, levied a tax on the property of the people of that county, for $20,000, and ordered the same to be assessed and collected by the assessor and collector of taxes in that county, as required by law ; and a like tax was ordered to be assessed and collected for the tax year 1872 and 1873. These taxes were so levied to pay the interest on certain bonds issued by the county to pay railroad subscriptions to the Vicksburg & Brunswick Railroad Company, under an act of the legislature of this State authorizing such subscription of stock and the issuance of said bonds to pay the same. Pamph. Acts 1868, p. 514, No. 172 ; Ib. p. 462, No. 139. These sums, thus levied, were collected by the tax-collector of said county of Barbour ; but they were not paid over to the treasurer of said county, as other taxes for county purposes were required to be paid to him (Rev. Code, §§ 910, 926), but were paid over to Whitfield Clark, the "fiscal agent" of said county, appointed by said court of county commissioners, for the purpose of receiving and paying out the same. It is further alleged, that the plaintiff is entitled by law to five per cent. on each of the sums thus collected, and not paid over to him, as county treasurer aforesaid, which would amount to $2,000 ; that is, $1,000 for each of the years above said ; and in consequence of the failure of the court of county commissioners aforesaid to permit and direct the taxes aforesaid to be paid over to him, he is injured to the damage of $2,000, or the county owes him this sum, by reason of the facts above set out.

It is unquestionably true, that all rights of action must arise from matters of fact and matter of law combined. A good complaint, therefore, when analyzed, should state a syllogistic proposition, in which the matter of law is implied, or to be supplied by the court, and the matters of fact are stated in the pleading. Gould Pl. §§ 4, 7. If the proposition of law applicable to the facts is false, or there is no proposition of law ap-

plicable to the facts, then the action must break down at the demurrer; because the facts may be admitted, and there is no law to give a right of action. If, on the other hand, the facts stated in the complaint turn out to be unsupported by sufficient proof, the cause must fail on the verdict.

In this case, as it presents itself to me, the proposition of law, supposed to be applicable to both counts, is the same. It is this: The county is bound by law to have the taxes levied by the court of county commissioners, for the purpose of paying the interest on its railroad bonds, on their collection by the tax-collector paid over to the county treasurer; and if this is not done, then the county becomes liable to the treasurer to pay him five per cent. on all the moneys thus collected, and not paid over to him, either as a debt for moneys in the hands of the county, held by its agents for the use of the county treasurer, or as damages for a failure to discharge a legal obligation to the treasurer, by which he is injured. The county, as a corporation, is only liable for damages arising from a failure to perform its duties, when the law imposes such liability, or for a debt which the law enables it to contract, and which it has actually contracted. *Covington County* v. *Kinney*, 45 Ala. 176; *Montgomery County* v. *Barbour*, 45 Ala. 237; *Mitchell* v. *Tallapoosa County*, 30 Ala. 130; *Van Eppes* v. *Commissioners' Court of Mobile*, 25 Ala. 460; *Barbour County* v. *Horn*, 41 Ala. 114. The only liability undertaken by the county, on its railroad subscriptions, is its liability to pay its bonds issued under the act authorizing the subscription. The duty of providing the means for this purpose by taxation is imposed upon the court of county commissioners. Pamph. Acts 1868, p. 514, No. 172, §§ 7, 8, 9 *et seq.* Under this act, the courts of county commissioners, of the counties in which such bonds are issued, "are vested with power to do any and all acts to carry out all the provisions of this act, which are not inconsistent with the act itself, and the laws of the State and the United States." Ib. p. 517, § 12. Under this power, the court of county commissioners might appoint a "fiscal agent," and direct the moneys to be raised to pay the interest on these railroad bonds to be paid to him, and not to the county treasurer.

But the county would not be liable to the plaintiff in the court below, even if this were otherwise. The commissioners' court, by a failure to discharge a duty imposed upon them by law, could not render the county liable for their neglect, unless the law so declared. That court could be forced to do its duty by *mandamus*, if it failed or refused to do so. *Marshall Co.* v. *Jackson Co.* 36 Ala. 613. The court of county commissioners are only permitted, by the act above mentioned, to levy

[Jenkins *v.* Cooper.]

and collect " such tax as may be necessary to meet the interest falling due semi-annually on said·bonds, and such other reasonable amount, to be determined by said court, as will pay *the expenses of assessing and collecting said tax, and for issuing said bonds.* Act, *supra*, p. 516, § 7. The act makes no provision for paying any other expenses than those above named. · This is the limit of the powers of the court. But, beside this, the act of February 17, 1871, entitled " An act in relation to the issue of county bonds in aid of any railroad in this State," forbids the payment of any such fees as those claimed in the second count of this complaint, which necessarily must have accrued, if at all, after the passage of this act. Acts 1870–1871, p. 61, Act No. 66, sec. 2 ; *Barbour County* v. *Clark*, June term, 1872. It is possible, also, that this was the condition of the claim under the first count.

The demurrer should have been sustained to both counts of the complaint. In failing to do this, the court erred. For this error, the judgment of the court is reversed, and the cause remanded.