[Crenshaw County v. Fleming.]

# Crenshaw County v. Fleming.

*Action against County, on Contract.*

1. *Recitals of bill of exceptions; when question, first raised on appeal, will not be considered.*—The bill of exceptions in an action against a county to recover the price of repairing a public bridge showed that the work was done under a contract made on behalf of the county by one of the commissioners, who was authorized to contract for the work by an order entered at a special term of the commissioners' court; that the commissioners court rejected the claim solely on the ground that the work had not been properly done; and did not show that any question was raised on the trial in any manner, except as might be implied by the defendant's request for the affirmative charge in its favor, touching the validity of the order authorizing said commissioner to let the work. *Held*, that the objection, raised in this court on appeal by the county, that the order authorizing the letting of the work was made at a special term, without proof that the term was called in the manner required by the statute, would not be considered.

2. *Same.*—Where the commissioners' court rejected a claim against a county for the contract price of repairing a public bridge, on the ground that the work was not properly done, and, on the trial of an action on the claim against the county, the defendant did not raise the objection that the claim as presented to the commissioners' court for allowance was not sufficiently specific, that objection need not be considered on an appeal by the county from a judgment against it.

3. *Presentation of claim against county; when sufficiently specific.*—Work on a public bridge was done for a county under a contract made in its behalf by one of the commissioners, who was authorized to let the work by an order of the commissioners' court. The contractor presented to the commissioners' court for its allowance a written certificate, addressed to said court, signed by said commissioner, and verified by the contractor's affidavit of its correctness, as follows: "According to your order I contracted with A. J. Fleming to repair the long bridge over Patsaliga for the sum of $265. He has complied with his part of the contract, and I recommend that he be paid." *Held*, that the claim was sufficiently itemized to meet the requirement of the statute (Code, § 902) in that regard.

APPEAL from the Circuit Court of Crenshaw.
Tried before the Hon. JOHN R. TYSON.

[Crenshaw County v. Fleming.]

J. D. GARDNER and M. W. RUSHTON, for appellant, cited *Schroeder v. Colbert County*, 66 Ala. 137 ; *Tramwell v. Pennington*, 45 Ala. 673 ; *Exparte Selma & Gulf R. Co.*, 46 Ala. 230 ; *Joiner . v. Winter*, 68 Ala. 129 ; *Autauga Co. v. Davis*, 32 Ala. 703 ; *Marshall County v. Jackson County*, 36 Ala. 613 ; *Barbour County v. Horn*, 41 Ala. 114; *Covington County v. Dunklin*, 52 Ala. 28 ; Code, §§ 902, 2574, 3932.

GAMBLE & BRICKEN, and D. M. POWELL, *contra*, cited *Montgomery County v. Barber*, 45 Ala. 237.

HEAD, J.—Action by appellee against appellant for contract price of repairing a public bridge. The bill of exceptions shows that the plaintiff introduced in evidence "the *order of the commissoners' court*, entered upon the minutes of *said court*, at the *July term of said court*, 1892," as follows : "That S. J. Thrower be authorized to build or repair the long bridge across Big Patsaliga, at the Harrell crossing, or have the same repaired." Thrower was at the time a member of the commissioners' court. He, shortly afterwards, contracted with the plaintiff to repair the bridge, according to certain specifications, at the prics of $265. He had no personal interest in this contract, but made it in behalf of the county. The work was done by plaintiff, and Thrower gave him a certificate as follows : "To the Hon. Commissioners' Court of Crenshaw county : According to your order I contracted with A. J. Fleming to repair the long bridge over Patsaliga for the sum of $265.00. He has complied with his part of the contract, and I recommend that he be paid."—Signed by Thrower. Plaintiff duly verified this statement by his affidavit of its correctness, and presented it to the commissioners' court for its allowance. The court received the statement, and appointed a committee of experts to examine the bridge and report whether or not the work was properly done. Subsequently, upon unfavorable report of the committee as to the character of the repairs, the court, by order entered upon its minutes, rejected the claim in full. Thereafter, this suit was brought. The sole controversy, so far as appears from the record, was upon the workmanlike manner and sufficiency of the repairs. The evidence, introduced, on

both sides, without objection, was in sharp conflict upon this inquiry.   The trial court left the case with the jury, and the verdict was for the plaintiff.   No question was raised, in any manner, except as it may have been implied in the defendant's request for the affirmative charge in its favor, touching the validity of the order authorizing Thrower to let the work.   The commissioners' court thereafter recognized its validity, by appointing the committee for the purpose, aforesaid, which, as the case comes before us, we must assume was regularly done and entered of record ; and by its rejection of the claim solely upon the unfavorable report of that committee, as above stated.   The recitals of the bill of exceptions are such as assume the validity of the original order, made by the court, lawfully convened.   The objection now made, in this court, that this order was made at a special term, without proof that the term was called in the manner required by the statute, will not be entertained.   In other words, we will treat the bill of exceptions as sufficiently showing that the term was legally called.

There is no merit in the objection that the claim presented for allowance was not sufficiently specific.   A fair construction of the statute does not require a claim of this nature to be itemized further than was done in this instance.   Besides, the commissioners' court did not raise that objection, but rejected the claim on other grounds ; and the defendant did not raise it on the trial below.   The claim, and all proof in support of it, were introduced without objection.

There is no motion for a new trial, legally before us, for our consideration.

Affirmed.