# Board of Revenue and Road Commissioners of Mobile County *v.* State, *ex rel.* Drago, Sheriff.

## *Mandamus.*

(Decided April 21, 1911.   54 South 995.)

1. *County; Claims; Liabilities.*—Counties are governmental agencies of the state and are not liable for claims not imposed upon them by law, or which they are not empowered to contract for; hence, no officer can charge the county with the payment of any claim due him, however meritorious or whatever benefit the county may have derived therefrom, unless expressly or by necessary implication authorized by law.

2. *Costs; Criminal Prosecution; Statutory Provision.*—The law of costs and fees in criminal cases is a penal law, and to be strictly construed (Sec. 6631, Code 1907,) ; hence, no officer is entitled to any fee unless his right thereto is clearly fixed by law.

3. *Sheriffs and Constables; Fees; Liability of County.*—Construing together section 6636, 6638, 6646, and 7302, Code 1907, it is held that where no indictment is found the sheriff's fees for summoning witnesses to appear before the grand jury in such cases is not a charge against the general fund of the county..

[Board of Revenue and Road Commissioners of Mobile County v.
State, ex rel. Drago, Sheriff.]

4. *Same.*—Section 6660, 6662 and 6666, relate exclusively to claims
of witnesses and not to those of officers of the courts, and do not au-
thorize claims of the sheriff to be paid out of the general funds of
the county in the shape of fees for summoning witnesses to appear
before the grand jury, where no indictment is found in such cases.

·APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Mandamus by the State on the relation of John S.
Drago, sheriff, against the Board of Revenue and Road
Commissioners of Mobile County, to compel them to
issue their warrant upon the County Treasurer, to pay
out of the general fund of the county, certain sheriff's
fees for summoning witnesses to appear before the
grand jury in cases where no indictment was found.
From a judgment granting the writ, respondents ap-
peal. Reversed and rendered.

SULLIVAN & STALLWORTH, for appellant. The law of
fees and costs is penal and must be strictly construed,
in criminal cases.—Section 6631, Code 1907. Counties
are not liable for any claim not expressly or by implica-
tion allowed by law, or for which they have not the legal
power to contract.—*Naftel v. Montgomery County,* 127
Ala. 563; *Hawkins v. O'Brien,* 124 Ala. 102; *Barbour
County v. Horn,* 48 Ala. 657; *VanEpps v. Mobile
County,* 25 Ala. 460. Mandamus is not the proper rem-
edy.—*State ex rel. Norwood v. Goldsmith,* 162 Ala.
171; *Farrer v. Commissioners,* 17 Ala. 527. The claim
should have been presented, and if allowed in part or
entirely disallowed, petitioner had his remedy by an ac-
tion at law.—*Dale County v. Gunter,* 46 Ala. 118; *Scar-
brough v. Watson,* 140 Ala. 349. There must be a
clear, legal right to entitle one to mandamus.—*Tarver
v. Commissioners,* 17 Ala. 527; *Sessions v. Boykin,* 78
Ala. 328; *Ex parte McKissack,* 107 Ala. 493. No right
to recover is given petitioner under section 6636, 6638,
and 6646, Code 1907.

[Board of Revenue and Road Commissioners of Mobile County v. State, ex rel. Drago, Sheriff.]

PILLANS, HANAW & PILLANS, for appellee. Attention is called to the provisions of sections 6638, 6662, 6660, 6666, 7296, and 6646, together with section 7302, Code 1907, and it is insisted that under these sections, the sheriff is entitled to be paid the fees claimed out of the general fund.—*Scruggs v. The State*, 111 Ala. 60. Mandamus is the proper remedy.—*Marengo v. Lyles*, 101 Ala. 423.

MAYFIELD, J.—Two questions are presented for decision on this appeal: First. Is a county liable to a sheriff for his fees for summoning witnesses to appear before the grand jury, in those cases in which no indictment is found? Second. If so liable, is mandamus against the county commissioner's court or county board of revenue the proper remedy to enforce payment by the county?

The law of this state (however it may be in other jurisdictions) is long and well settled that counties are governmental agencies of the state, and that they are therefore chargeable with and liable for those claims or demands—and those only—which the law imposes upon them, or empowers them to contract for. No officer can charge the county with the payment of any claim due him, however meritorious or whatever benefit the county may derive therefrom, unless expressly or by necessary implication authorized by law.—*Jack v. Moore*, 66 Ala. 187; *Posey v. Mobile*, 50 Ala. 6; *Barbour County v. Clark*, 50 Ala. 418; *Naftel v. Montgomery County*, 127 Ala. 563, 567, 29 South. 29.

The law of fees and costs, in criminal cases, must be held to be a penal law, and to be strictly construed; and no officer is entitled to any fee, unless his right thereto is clearly fixed by law.—Code 1907, § 6631.

The statute is clear in allowing sheriffs a fee of 50 cents for serving each subpoena in criminal cases (Code, § 6638); and this applies as well to cases in which the subpoena commands the witness to appear before the grand jury as to those in which he is cited to appear before a criminal court; but we are unable to find any provision which makes this fee a charge upon or claim against the county, when the grand jury fail to find an indictment in the case in which the witness is subpoenaed. In some instances the claim of the sheriff might become a claim against the fine and forfeiture fund of the county (but as to this we do not decide, the question not being before us); but we know of no provision making it a claim against the general funds of the county. Sections 6646, 7302, and 6636 of the Code provide, among other things, as follows:

"6646. * * * The fees specified in this article, except where some other provision is made by law, are to be collected and paid in the following manner: * * * The fees for services rendered in each criminal case must be taxed against the defendant on conviction, or may be taxed against the prosecutor, under the provisions of section 7302 (5041); and if an execution is returned 'No property found,' or if the costs are not otherwise taxed, such costs must be paid by the state, except when they are payable by the county."

"6636. * * * And in all *trials* in the circuit or city courts, or county courts, where the state fails to convict, or the indictment abates, or is nol. prossed or withdrawn, the fees of the sheriffs and clerks of the courts shall be paid out of the fine and forfeiture fund."

We find no authority in these statutes upon which to hold that the claims of the sheriff, in this case, are claims against the general funds of the county; yet they are relied upon by appellees as authority.

Appellee also relies upon sections 6660, 6662, and 6666 of the Code, as authorizing the allowance of these claims of the sheriff against the county. It is a sufficient answer to this contention to say that these sections relate exclusively to claims of witnesses, and not to those of the officers of the court, such as the clerk and the sheriff.

We have been unable to find any local law for Mobile county, making such claims a charge against the general funds of the county, and we have been referred to none; in fact, the claim is rested solely upon the provisions of the Code, none of which we find to support the claim or demand as here made or presented.

It is therefore unnecessary to decide the second question; but as to it see the cases of *Norwood v. Goldsmith*, 162 Ala. 171, 50 South. 394; *Tarver v. Commissioners*, 17 Ala. 527; *Ellis v. Jefferson County, infra*, 55 South. 179; *Scarbrough v. Watson*, 140 Ala. 351, 37 South. 281. *Lyles' Case*, 101 Ala. 423, 12 South. 412, has been overruled. See 140 Ala. 351, 37 South. 281.

It follows that the writ of mandamus was improperly issued against the board of revenue and road commissioners of Mobile county. The judgment of the lower court is reversed; and a judgment will be here rendered, denying the writ, and awarding the costs of the proceeding against the appellee.

Reversed and rendered.

ANDERSON, SAYRE, and SOMERVILLE, JJ., concur.