[Walker v. Bridgeforth, County Treasurer, et al.]

# Walker *v.* Bridgeforth, County Treasurer, *et al.*

*Assumpsit.*

(Decided April 24, 1913.   62 South. 323.)

1. *Counties; General Powers; Contracts.*—Being governmental agencies counties can be charged only with claims for which they have power to contract, either by express authority or by necessary implication.

2. *Same; Employment of Counsel.*—Sections 635 and 7781, Code 1907, and section 170, Constitution 1901 require criminal prosecutions to be conducted in the name of and by authority of the state through the regular prosecuting attorneys, and they neither authorize expressly nor by implication a county to employ an attorney to assist in a criminal prosecution.

3. *Same.*—Sections 5765, 5767, 5794 and 5796, Code 1907, (Acts 1909, p. 279) do not authorize a county to employ assistant counsel in a criminal prosecution, although the validity of a road law is involved therein.

APPEAL from Limestone Circuit Court.

Heard before Hon. D. W. SPEAKE.

W. R. Walker was employed by the Commissioners Court of Limestone County to assist in a criminal prosecution involving the validity of a county road law, and a warrant was issued to him for his services. The County Treasurer declined to pay the warrant, and Walker moved for a summary judgment against him and his official bond. From a judgment denying the motion, plaintiff appeals. Affirmed.

W. T. SANDERS, CALLAHAN & HARRIS, and E. W. GODBEY, for appellant. If County Treasurer, after demand, and without good excuse, fail to pay an allowed claim against the county, judgment may be obtained against him and his sureties, or any or either of them, on five days' notice, in the circuit court and ten per cent. dam-

ages and costs.—Code of 1907, sec. 5938; *Norwood v. Goldsmith, Treas.*, 168 Ala. 224; *State ex rel. Norwood v. Goldsmith, County Treasurer,* 162 Ala. 171; *Hines v. Salter*, 154 Ala. 248; *Arrington v. Van Houton*, 44 Ala. 284. When another remedy against County Treasurer is provided, mandamus to compel payment of an allowed claim will not lie.—*Norwood v. Goldsmith, Treas., et al.,* 168 Ala. 224; *State ex rel. Norwood v. Goldsmith, County Treas.,* 162 Ala. 171; *Hines v. Salter,* 154 Ala. 248; *Arrington v. Van Houton,* 44 Ala. 284. Under Code 1867 Court of County Commissioners have superintendence of roads and power to establish new and change and discontinue old roads.—Idem Code 1876, 1886, 1896,—all changed Code 1907, Sec. 5765. County is a corporation of granted powers.—*Ex parte Selma & Gulf R. Co.*, 45 Ala. 696, 725, et seq. County only liable for a debt the law enables it to contract, and which it has contracted.—*Naftel v. County of Montgomery,* 127 Ala. 563; *Board of Rev. & Road Com. v. State ex rel. Drago,* 54 South. 995; *Jack v. Moore,* 66 Ala. 184. County Commissioners have general superintendence over roads and shall improve and maintain them so as to render travel over the same as safe and convenient as practicable.—Code of Ala., 1907, Sec. 5765; Acts of Ala., S. S. 1909, 275; *Pickens County v. Green County,* 54 South. 998; Local Acts of Ala., 1911, 66: (Old law not liable.)

JAMES E. HORTON, JR., and WALL & RANKIN, for appellee. The county board is without authority to employ counsel to prosecute or assist in the prosecution of criminal cases.—*Modoc Co. v. Spencer,* 37 Pac. 483; *Hight v. Monroe Co.*, 68 Ind. 575; *Ripley Co. v. Ward,* 69 Ind. 441; *Butler v. City of Milwaukee,* 15 Wis. 493; *McDonald v. Milwaukee Co.,* 41 Wis. 642; *Montgomery*

v. *Jackson Co.*, 22 Wis. 69; *Conger v. Board of Commissioners of Latah Co.*, 48 Pac. Rep. 1064; *State v. Franklin Co. Commissioners*, 21 Ohio State, 648; *Jack v. Moore*, 66 Ala. 184; *City of Memphis v. Adams*, 9 Heisk 518, 24 Am. Rep. 331; *Com. v. Darmaska*, 16 Pa. Dist. R. 892; *McElroy v. York Co.*, 13 Pittsb. L. J. N. S. 55. A contract by a county employing an attorney to perform services which the law requires the prosecuting attorney to perform is void.—*Clough v. Hart*, 8 Kan. 487; *Waters v. Trovillo*, 47 Kan. 197, 27 Pac. 822; *Brome v. Cuming Co.*, 31 Nebr. 362, 47 N. W. 1050; *Platte Co. v. Gerrard*, 12 Nebr. 244, 11 N. W. 298; *Storey v. Murphy*, 9 N. D. 115, 81 N. W. 23; *Logan Co. v. Jones*, 4 Okla. 341, 51 Pac. 565; *Frederick v. Douglas Co.*, 96 Wis. 411, 71 N. W. 798; *McDonald v. Milwaukee Co.*, 41 Wis. 642. A county is not liable for fees of counsel appointed by the court to defend indigent accused persons.—*Posey v. Mobile Co.*, 50 Ala. 6; *Arkansas Co. v. Freeman*, 31 Ark. 266; *People v. Onondaga*, 4 N. Y. Crim. Reu. 102, 3 How. Pr. N. S. 1; *Case v. Shawnee Co.*, 4 Kan. 511, 96 A. D. 190; *Wayne Co. v. Waller*, 90 Pa. 99, 35 A. R. 636, 7 W. N. C. 377, 36 Phila. Leg. Int. 404; *Presby v. Klickitat Co.*, 5 Wash. 329, 31 Pac. 876; *Dismukes v. Board of Supervisors*, 58 Miss. 612, 38 Am. Rep. 339. The law in the state of Alabama is long and well settled that counties are chargeable with and liable for only those claims and demands which the law imposes upon them, or empowers them to contract.—*Mobile Co. v. Drago*, 54 South. 995; *Jack v. Moore*, 66 Ala. 184; *Posey v. Mobile*, 50 Ala. 6; *Barbour Co. v. Clark*, 50 Ala. 418; *Naftel v. Montgomery Co.*, 127 Ala. 563, 29 South. 29; *Van Eppes v. Comm. Court*, 25 Ala. 460; *Mitchell v. Tallapoosa Co.*, 30 Ala. 130; *Simpson v. Lauderdale Co.*, 56 Ala. 64; *Speed v. Cocke*, 57 Ala. 209; *Commissioners Court*

*v. Moore*, 53 Ala. 25. The county treasurer may refuse to pay a claim which is not a proper charge against the county.—*Gracey v. Lathem*, 84 Ala. 546; *Booth v. King*, 71 Ala. 497; *Commissioners Court v. Moore*, 53 Ala. 25; *Norwood v. Goldsmith*, 162 Ala. 171, 50 South. Rep. 394; *Norwood v. Goldsmith*, 168 Ala. 224, 53 South. Rep. 84. Audit and allowance of claim against the county, not conclusive against the county.—*Converse Bridge Company v. Geneva Co.*, 53 South. 196.

PELHAM, J.—The appellant, a practicing attorney of the county, was engaged professionally as such attorney by the court of county commissioners of Limestone county to prosecute, or assist the solicitor in prosecuting, a criminal case against a defendant charged with violation of the provisions of a local road law for the county, approved March 4, 1911. Local Acts 1911, pp. 66-74. In the due course of the transactions growing out of the employment of appellant, the county commissioners issued a warrant on the county treasurer, payable to the appellant, for the services rendered by him as counsel in assisting in the prosecution, but the county treasurer refused payment on the warrant; whereupon the appellant made a motion in the circuit court, under the provisions of section 5938 of the Code, for a summary judgment against the treasurer and the sureties on his official bond.

The only question sought to be presented, and the only proposition argued, is the validity of the warrant, and the power and authority of the court of county commissioners to employ the appellant as counsel in the case and fix a liability on the county for the payment of the services rendered under the contract of employment. In the motion for a summary judgment the appellant alleged his employment by the court of county commis-

sioners to render services in its behalf in a criminal prosecution for violating the road law hereinbefore referred to, pending in the circuit court, and running in the name of the state of Alabama against the defendant charged with the offense of violating the provisions of said road law. It was further alleged that this prosecution was instituted for the purpose of testing the constitutionality of the local road law, under the provisions of which the prosecution was had. Averments were made of due issuance and presentation of the warrant and refusal to pay, although there were ample funds on hand for the purpose not otherwise appropriated.

It must be taken as settled in this state that counties, being governmental agencies of the state, can only be made chargeable with and liable for such claims and demands as the law imposes on them, or authorizes or empowers them to contract for. This power may be derived either from an express authorization of the law, or by necessary implication.—*Mobile v. Drago,* 172 Ala. 155, 54 South. 995; *Naftel v. Montgomery County,* 127 Ala. 563, 29 South. 29; *Jack v. Moore,* 66 Ala. 184; *Speed v. Cocke,* 57 Ala. 209; *Simpson v. Lauderdale County,* 56 Ala. 64; *Commissioners' Court v. Moore,* 53 Ala. 25; *Barbour County v. Clark,* 50 Ala. 418; *Posey v. Mobile,* 50 Ala. 6; *Mitchell v. Tallapoosa County,* 30 Ala. 130; *Van Eppes v. Comr's Court,* 25 Ala. 460.

The case that the appellant was employed by the court of county commissioners to assist in the prosecution of as an attorney was a criminal proceeding required to be carried on in the name of and by the authority of "the state of Alabama" (Const. § 170), and it was the duty of the circuit solicitor to prosecute this criminal proceeding carried on in the name and by authority of the state in the circuit court.—Code, § 7781.

On appeal, if such a proceeding was had, it was the duty of the Attorney General to attend and represent the state in the prosecution.—Code, § 635.   In other words, regular government agencies and officers are provided by law to manage and look after the interests of the prosecution in behalf of the state.

The court of county commissioneres could not fasten upon the county a binding liability to pay for the services of the appellant in prosecuting this case unless it was empowered to create the debt for such services, by express authority or as a necessary implication from some authority given.

The moral right of the appellant to be paid for the services rendered in good faith by him under an employment by the court of county commissioners would appear to be such as to authorize us to reach out to the limits of legitimate construction permissible under the rules in such cases to find a grant of power, expressly conferred or fairly flowing from some authority given, by necessary implication, upon which to rest the validity of the action of the court of county commissioners, and to which appellant's claim could be referred as an authorized charge upon the county's funds.   We have been unable, however, to find any power, express or implied, with which the county is clothed that would authorize it to enter into a valid and binding contract to pay for the services of an attorney in a criminal prosecution. Such prosecutions are only authorized to be conducted in the name and on behalf of the state by the officers designated by law charged with the duty, and there is no power given to the county to employ counsel to prosecute criminal cases that would authorize it, acting through its governing board, to make a contract for such services that would be a valid charge against the county.

The facts stated in the motion do not show a condition creating a liability against the county. That a constitutional question is involved as an incident to a prosecution does not change the character of the action in any particular, and does not work a substitution or alteration of parties. It can then make no difference that the purpose of the prosecution was to test the constitutionality of a local road law; it was none the less a criminal prosecution, nothing more and nothing less, and subject to all the conditions and requirements of law appertaining to any criminal case, and the conduct and management of such a case and the authority to carry it on is committed to the state and the officials designated by law for that purpose, and not to the county, whether or not a constitutional question is involved.

The cases cited and relied upon by appellant do not sustain his contention. It is true that when the county itself is made a party to a suit it has the power and authority to employ counsel to represent it, growing out of the express power conferred upon a county to sue and be sued, as an incident by necessary implication; and the case of *Jack v. Moore,* 66 Ala. 184, which seems to be principally relied upon by appellant, decides and holds no more than this. In the case in which the appellant's services were contracted for, the county was not suing or being sued, and could not be said in any proper sense to be a party to the suit. The state of Alabama was the party prosecuting (made so by constitutional provision), and the individual prosecuted was the only other party to this criminal action.

The provisions of the statutes pointed out by the appellant, relating to the superintendence and control of the roads of the county by the commissioners, fail to show any express authority for the county to employ an

attorney to prosecute, or assist in the prosecution of, a criminal case, whether for the violation of the provisions of a road law or some other offense, and no such authority or power can be said to follow as a necessary implication from the general authorizations on this subject to which our attention is directed. The provisions of the law granting to counties broad, general powers and practically unlimited jurisdiction with respect to public roads (Code, §§ 5765, 5767; Acts 1909, p. 279) do not, as we read them, confer upon the county commissioners any authority, direct or that is necessarily to be implied, to employ counsel to prosecute in criminal cases pending in circuit courts or courts of like jurisdiction, even though the validity of a road law may be affected by or involved in the prosecution. Subdivisions 5 and 6 of section 5794 of the Code do not contain a grant of power, express or implied, authorizing the court of county commissioners to employ counsel to prosecute criminal cases in a court of record. This section (5794) has reference entirely to the duties of apportioners of roads, and confers no authority on the court of county commissioners acting as such court, or as a governmental agency of the state. Subdivision 6, read in connection with the caption of the section under which it appears, and to which it is referable, would read, "It is the duty of the apportioners to see that all defaulters are prosecuted for not working." That no authority is given by this provision to the *court of county commissioners,* as a governmental agency of the state, to employ counsel to prosecute for a violation of the road laws is plain, even though the acts of the apportionment of hands, etc., to road duty are subject to revision or change by the court of county commissioners.—Code, § 5796.

[Wilson, et al. v. Callan.]

It is our conclusion, as may be seen from what we have said, that the warrant issued by the court of county commissioners was in payment of a claim not authorized by law to be contracted for, and that, the claim not being a proper charge against the county, and therefore not payable out of the county funds in the hands of the county treasurer, he properly refused payment.

It follows that the court's ruling in sustaining the demurrers to the motion for a summary judgment is free from error, and the case must be affirmed.

Affirmed.