181 So. 281

**STATE ex rel. TOWLE v. STONE, County Treasurer.**

**1 Div. 991.**

Supreme Court of Alabama.

May 12, 1938.

Pillans, Cowley & Gresham, of Mobile, for appellant.

Gordon, Edington & Leigh, of Mobile, for appellee.

GARDNER, Justice.

Petitioner holds warrants issued by authority of the Board of Revenue and Road Commissioners of Mobile county for services rendered before the Board of Review of said county in relation to appraisal of taxable property, and seeks their registration for payment pursuant to the Enabling Act, Local Acts, Special Session 1936, p. 58, which was passed in conformity with the constitutional amendment for Mobile county, duly adopted under submission by the Act of September 13, 1935. Gen. Acts 1935, p. 810. Registration was denied, and relief by mandamus is sought—an extraordinary remedy which is only to be granted where there is a clear, specific legal right shown, for the enforcement of which there is no other adequate remedy. Smith v. McQueen, 232 Ala. 90, 166 So. 788, 789; Ex parte Smith, 228 Ala. 232, 153 So. 152.

We are persuaded the trial court correctly ruled to the effect that this burden had not been met, and no clear, specific legal right was shown.

It may be freely conceded that the county received a benefit from the service rendered by petitioner, employed by the city and school board for the same purpose, in checking the constantly declining assessment valuation of the property in the county, from the taxation of which the county receives the larger portion of its operating revenue. But that is not the controlling test.

Following earlier decisions, the established rule is stated in Board of Revenue and Road Com'rs of Mobile County

v. State ex rel. Drago, 172 Ala. 155, 54 So. 995, in the following language: "The law of this state (however it may be in other jurisdictions) is long and well settled that counties are governmental agencies of the state, and that they are therefore chargeable with and liable for those claims or demands—and those only—which the law imposes upon them, or empowers them to contract for. No officer can charge the county with the payment of any claim due him, however meritorious or whatever benefit the county may derive therefrom, unless expressly or by necessary implication authorized by law. Jack v. Moore, 66 Ala. [184], 187; Posey v. Mobile County, 50 Ala. 6; Barbour County v. Clark, 50 Ala. [416] 418; Naftel v. Montgomery County, 127 Ala. 563, 567, 29 So. 29."

Here it is clear enough the Board of Revenue as such is charged with no duty concerning the matter of property valuation for taxation purposes, which was imposed upon the Board of Review, the other tribunal and a quasi judicial body created for that specific purpose. Gen.Acts 1923, p. 179 et seq. And it is not pretended the Board of Review made any such employment, or had authority to do so.

And as to the Board of Revenue, it is not pretended that it possessed any express authority to make such a contract. But the insistence is that the power is necessarily implied, and much argument is made as to the necessity for revenue, "the lifeblood of government" (Clark v. Eagerton, et al., 207 Ala. 491, 93 So. 455, 457), and the duty of the county to protect its revenue at its source.

The argument is plausible, but, in our opinion, is not supported by the cited authorities, and is not in harmony with the above-quoted established rule in the State.

Stress is laid upon Clark v. Eagerton, supra. But the power there implied related to a duty imposed upon the county as to its property and to the restoration of the lost tax assessment records.

And Jack v. Moore, 66 Ala. 184, concerned a power to employ counsel, implied from an express power to sue and be sued, as pertinently observed in Walker v. Bridgeforth, 9 Ala.App. 257, 62 So. 323, and was similar to the power to employ engineers and architects as incidental to the power to erect necessary buildings, Board of Revenue of Covington County v. Merrill, 193 Ala. 521, 68 So. 971; or the power to purchase an automobile for use in inspecting the roads and bridges of the county and as incidental to the express authority and duty in regard thereto. Ensley Motor Car Co. v. O'Rear, 196 Ala. 481, 71 So. 704.

Other illustrative cases of implied power are noted in Weakley v. Henry, 204 Ala. 463, 86 So. 46; Gray v. Johnson, 235 Ala. 405, 179 So. 221; Bice v. Foshee, 19 Ala. App. 421, 97 So. 764.

The matter of adjustment of tax valuation rested with the Board of Review. Neither the county nor its Board of Revenue were delegated any duty or authority in relation thereto. Incidentally, of course, the county had an interest. But there was no duty imposed concerning this adjustment. However, we forego further discussion.

There being no duty imposed or authority conferred in relation to the work before the Board of Review, no implied power can follow, and the trial court correctly so ruled.

It is the general rule that, in auditing and allowing claims against a county, its commissioners act in an administrative capacity only, and such allowance is only prima facie evidence either of the correctness of the claim, or the county's liability to pay it, and, if the claim is not properly chargeable to the county, its allowance is void and no question of estoppel arises to so assert. Mobile County v. Williams, 180 Ala. 639, 61 So. 963.

Petitioner argues in the second place that, under the local act above cited, the allowance of the claim and issuance of the warrants therefor are final and conclusive, and that the general rule noted is set aside.

We have again studied the local act in the light of the argument here advanced, but still entertain the view, as expressed in State ex rel. Sossaman v. Stone, 178 So. 18, that it was not the legislative intent to upset the general rule as to the allowance of claims as noted in Mobile County v. Williams, supra. We rest content with the observations made in the Sossaman Case upon this contention, and deem further elaboration unnecessary.

It results that in our opinion the judgment of the trial court is due to be affirmed, and it is so ordered.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.