941 F.2d 1534
 Herbert W. STEADHAM, Plaintiff-Appellant,
v.
Madison M. SANDERS, in his official capacity; and John
Crowder, Doss Leak, Ross Dunn, Mary Sue Smith, Wayne N.
White and Jim Ingram, in their official capacities as
Chambers County Commissioners, Defendants-Appellees.
 No. 90-7650.
 United States Court of Appeals,
Eleventh Circuit.
 Sept. 18, 1991.
 
 Kenneth Shinbaum, McPhillips, DeBardelaben and Hawthorne, Montgomery, Ala., for plaintiff-appellant.
 James W. Webb, Kendrick Webb, Webb, Crumpton, McGregor, Sasser, Davis & Alley, Montgomery, Ala., for defendants-appellees.
 Appeal from the United States District Court for the Middle District of Alabama.
 Before JOHNSON and COX, Circuit Judges, and MORGAN, Senior Circuit Judge.
 PER CURIAM:
 
 I. BACKGROUND
 
 1
 Herbert Steadham was employed by the Chambers County Commission as the Director of the Emergency Management Agency and performed certain other duties for the County until sometime in 1988. In July 1988, Mack Sanders, a member of the Chambers County Commission and Chairman of the Personnel Committee, made a motion that the commission eliminate the positions held by Steadham. The motion passed.
 
 
 2
 Steadham filed a claim with the county commission pursuant to Alabama Code § 6-5-20 (1975). Section 6-5-20 reads as follows:
 
 
 3
 § 6-5-20. Presentment of claim to county commission.
 
 
 4
 (a) An action must not be commenced against a county until the claim has been presented to the county commission, disallowed or reduced by the commission and the reduction refused by the claimant.
 
 
 5
 (b) The failure or refusal of such a county commission to enter upon its minutes the disallowance or reduction of the claim for 90 days is a disallowance.
 
 
 6
 (c) Proof of the fact of presentation of such claim to such county commission may be made by parol evidence.[1]
 
 
 7
 Steadham alleged that Sanders persuaded the commission to eliminate his positions because Steadham had been a poll watcher for a political adversary of Sanders in the City of Lanett mayoral election.
 
 
 8
 The commission held a hearing at which Steadham was represented by counsel and presented witnesses. The commission found that Sanders had sought elimination of Steadham's positions for legitimate financial reasons, that the other members of the commission did not know of any political differences between Sanders and Steadham when they voted to eliminate Steadham's positions, and that all the commissioners voted to eliminate Steadham's positions because of legitimate financial considerations.[2]
 
 
 9
 Steadham then filed in the federal district court a 42 U.S.C. § 1983 action against Sanders and the sitting county commission, alleging that the elimination of his positions was the result of his exercising his rights under the First Amendment to the United States Constitution. The defendants moved for summary judgment, contending that the issue of why Steadham's positions had been eliminated had been decided against Steadham by the county commission and that Steadham was precluded from relitigating the issue in federal court. Under the circumstances, the commissioners argued, Steadham would be unable to prove his case. The district court agreed and granted summary judgment for the defendants.
 
 II. ISSUE ON APPEAL
 
 10
 In University of Tennessee v. Elliott, 478 U.S. 788, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986), the Court held that "when a state agency 'acting in a judicial capacity ... resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate' federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts." Id. at 799, 106 S.Ct. at 3226 (citation omitted; ellipsis in original).
 
 
 11
 All parties agree that the test set out in University of Tennessee v. Elliott is the test to be applied in this case. The issue on this appeal is whether under this test the factfinding of the county commission is entitled to issue preclusive effect in federal court.
 
 III. DISCUSSION
 
 12
 Steadham argues that the county commission does not act in a judicial capacity when it passes on claims, so that its factual findings cannot receive preclusive effect. We agree. According to Alabama law, "the governing body of the County in passing a claim does not act judicially. Its allowance is not conclusive." Stone v. State ex rel. J.S. Walton & Co., 260 Ala. 363, 366, 71 So.2d 23, 25 (1954). Alabama cases are consistent on the point:
 
 
 13
 It is the general rule that, in auditing and allowing claims against a county, its commissioners act in an administrative capacity only, and such allowance is only prima facie evidence either of the correctness of the claim, or the county's liability to pay it, and, if the claim is not properly chargeable to the county, its allowance is void and no question of estoppel arises to so assert.
 
 
 14
 State ex rel. Towle v. Stone, 236 Ala. 82, 84, 181 So. 281, 282-83 (1938); accord Converse Bridge Co. v. Geneva County, 168 Ala. 432, 53 So. 196 (1910); see also Groeschner v. County of Mobile, 512 So.2d 70, 72 (Ala.1987) (plaintiff "free to bring suit on his claim any time after ... his claim was deemed disallowed" by county commission).
 
 
 15
 Because the County Commission did not act in a judicial capacity when it passed on Steadham's claim, it fails the first part of the University of Tennessee v. Elliott test. Its factual findings therefore cannot receive issue preclusive effect in federal court. However, even if the county commission's factfinding satisfied the requirements of Elliott, it would receive only the same preclusive effect given it by Alabama courts. After examining Alabama law, we conclude that Alabama courts do not give issue preclusive effect to factual findings made by county commissions while passing on claims pursuant to Section 6-5-20.
 
 
 16
 At the outset we observe that Alabama law does not regard the county commission's determination on the ultimate issue--allowance or disallowance of the claim--as conclusive. Stone v. State ex rel. J.S. Walton & Co., 260 Ala. at 366, 71 So.2d at 25; State ex rel. Towle v. Stone, 236 Ala. at 84, 181 So. at 82-83. If the factual findings made by a county commission while disallowing or reducing a claim preclude relitigating those factual issues in later litigation of the claim, we would expect Alabama law somewhere to express that principle clearly. Such a rule would have important implications for claimants whose claims are reduced or disallowed by the county commission. In cases like this one, in fact, it would render meaningless the claimant's "right" to sue the county if dissatisfied with the commission's treatment of a claim, although the existence of that right is unquestioned under Alabama law. See Ala.Code § 6-5-20(a) (1975); Groeschner, 512 So.2d at 72 (plaintiff "free to bring suit on his claim"); Cook v. County of St. Clair, 384 So.2d 1 (Ala.1980) (county lacks governmental immunity, can sue and be sued).
 
 
 17
 However, although we have searched Alabama law, we can find no indication that a county commission's factual findings have preclusive effect in later litigation. There is no statute requiring such effect:
 
 
 18
 The only requirements that must be met regarding a suit against a county are set out in §§ 6-5-20(a), 11-12-5, 11-12-6, and 11-12-8, Code 1975 requiring presentment of an itemized, verified claim, [sic] to the county commission within twelve months of accrual, and acted on within ninety days prior to commencement of the suit.
 
 
 19
 Cook, 384 So.2d at 5. Nor can we find any mention in Alabama case law of such a preclusive effect. No reported Alabama case holds that a county commission's factual findings preclude later litigation of the same issues.
 
 
 20
 Sanders, however, points us to several decisions that he contends show that a county commission's factual findings do receive preclusive effect. Sanders relies on a line of decisions that hold that a county commission's administrative actions on matters such as liquor licenses, see Black v. Pike County Commission, 375 So.2d 255 (Ala.1979), and sewage permits, see Peterson v. Jefferson County, 372 So.2d 839 (Ala.1979); Custred v. Jefferson County, 360 So.2d 285 (Ala.1978), cannot be overturned unless arbitrary, capricious, or a gross abuse of discretion.
 
 
 21
 These cases are distinguishable. The character of the action taken by a county commission in the licensing and permit cases differs markedly from the character of the action taken by a county commission in passing upon a claim under Section 6-5-20(a). In the licensing case, the county commission takes administrative action for which it has essentially final authority, subject only to "a limited review, delineated by statute and court-established standards which relate to the nature of the issues or questions open to judicial review." Custred, 360 So.2d at 289.
 
 
 22
 When passing on a claim against the county, however, the commission has no such final authority. If a person wants a sewage permit, the county commission has the power to decide the merits of the case and render an essentially final decision, subject to only limited, deferential review, on the ultimate issue. If a person wants to sue the county for injuries allegedly sustained as a result of the county's negligence, however, the county cannot finally adjudicate the merits of the person's claim. That power is reserved to the courts. This distinction between the two situations implies that the deferential standard of review applicable in the licensing and permit cases is inapplicable in cases where a county commission disallows or reduces a claim under Section 6-5-20(a). In fact, in sharp contrast to the deferential standard clearly announced and applied to review of permit and licensing decisions, we can locate no case that announces any limitation on the scope of the court's review in a lawsuit filed against a county after disallowance or reduction of a claim. The only obstacles to suit against a county seem to be the procedural statutes noted in Cook.
 
 
 23
 In Crenshaw County v. Fleming, 109 Ala. 554, 19 So. 906 (1896), the claim before the county commissioners' court (as the proceedings were then known) was for payment for repairs done to a bridge. The commissioners' court rejected the claim because its committee of experts reported that the repairs were unsatisfactory. When the claimant sued, "the sole controversy, so far as appears from the record, was upon the workmanlike manner and sufficiency of the repairs." Id. at 555, 19 So. at 907. The plaintiff relitigated the issue and won the case.[3]
 
 
 24
 In order to sue a county, Section 6-5-20 requires that a claimant first present the claim to the county commission so that it may be allowed, reduced, or disallowed. If a county commission during that process can make factual findings that the claimant cannot challenge in later litigation, then Alabama law places a potentially insurmountable obstacle in front of a plaintiff who seeks to sue a county. This obstacle is not mentioned in Cook, which announced the requirements for suing a county, nor, so far as we can tell, anywhere else in Alabama law.
 
 
 25
 We therefore conclude that Alabama courts would not accord preclusive effect to the factual findings of a county commission made while passing on a claim pursuant to Section 6-5-20. For this reason, we hold that the factual findings of the Chambers County Commission cannot receive preclusive effect in federal court.
 
 IV. CONCLUSION
 
 26
 Because the district court entered summary judgment for the defendants based on an error of law, we reverse and remand the case to the district court for further proceedings.
 
 
 27
 REVERSED and REMANDED.
 
 
 
 [1]
 Other requirements apply to the filing of suit against a county. See Ala.Code § 11-12-5 (1975) (requiring claims to be itemized, registered and filed); Ala.Code § 11-12-6 (1975) (concerning verification of claims filed by executors, trustees, and similar parties); Ala.Code § 11-12-8 (1975) (requiring presentment of claim within twelve months of accrual)
 
 
 [2]
 The commission further found that a more appropriate time for the elimination of Steadham's position would have been the beginning of the next fiscal year, and accordingly allowed Steadham's claim in an amount equal to the salary he would have received had he remained with the county through the end of the fiscal year
 
 
 [3]
 The issue on appeal was whether the commissioners could claim on appeal that the plaintiff's claim was insufficiently itemized