# State, *ex rel.* Brown *v.* Slaughter.

### Mandamus.

(Decided February 23, 1916.  Rehearing denied March 30, 1916.
71 South. 416.)

Statutes; Special; Time of Election.—Local Acts 1915, p. 394, § 1, does not violate the provisions of subdivision 29, § 104, Constitution 1901, nor the provisions of § 105, Constitution 1901, as it merely provides that the appointees thereunder shall hold office until 1920, when their successors shall be elected, and makes no attempt to provide how or in what manner they shall be elcted.

[State, ex rel. Brown v. Slaughter.]

APPEAL from Monroe Law and Equity Court.

Heard before Hon. W. G. McCORVEY.

Petition by the State of Alabama, on the relation of J. E. Brown, for mandamus to I. B. Slaughter, Judge of Probate, to require said judge to file the committee selected by petitioner, together with the committee's acceptance, in accordance with the Corrupt Practice Act. From a decree denying relief, petitioner appeals. Affirmed.

The petition alleges that I. B. Slaughter is judge of probate of Monroe county; that petitioner is over the age of 21 years and a qualified elector in Monroe county; that on December 14, 1915, petitioner made a public announcement of his candidacy for membership on the board of revenue of Monroe county, to be held at the general election which will be held throughout the state of Alabama during the year 1916, and in connection therewith, and in pursuance of the Corrupt Practice Act, he presented in writing to said Slaughter, as judge of probate, to be filed, the name of his committee and the acceptance and agreement of such committee to act for him in the management and control of such funds, as may be used in and about the candidacy of his said office, a copy of which was attached, but that said I. B. Slaughter, as such judge of probate, refused to file such statement, selection, or nomination, on the ground that the last Legislature of Alabama provided that the next election to the office of board of revenue of Monroe county should be postponed until 1920. Petitioner alleges that the act aforesaid was a local act, and provided for the conducting of an election in violation of section 104, subd. 29, Const. 1901, and for the further reason that it is violative of section 105 of the Constitution, as the time of election to such office is provided for by a general law.

CHARLES HYBART, for appellant. HARE & JONES, for appellee.

PER CURIAM.—Section 1 of the act of 1915 (Local Acts, p. 394), creating a board of revenue for Monroe county, etc., merely creates a board of revenue in lieu of county commissioners, prescribes the duties thereof, and provides for the term of office. It does not attempt to deal with elections, county boundaries, etc., as forbidden by subdivision 29, § 104, of the Constitution of 1901.

Nor is said section 1 repugnant to section 105 of the Constitution upon the idea that the thing done or the relief sought is

provided by a general law. Said section 1 merely provides that the appointees shall hold office until 1920, when their successors shall be elected, and makes no attempt to provide how or in what manner they shall be elected, and they will naturally and properly be elected in 1920, under the general election law.—Section 334 of the Code of 1907. The law and equity court did not err in sustaining the demurrers to the petition for mandamus and in denying said petition, after the petitioner declined to amend or plead further, and the judgment is affirmed.

ANDERSON, C. J., and SAYRE, GARDNER, and THOMAS, JJ., concur.