(78 South. 417)

WOMACK v. STATE. (1 Div. 261.)

(Court of Appeals of Alabama. March 12, 1918. Rehearing Denied April 2, 1918.)

1. STATUTES ⬅8½(2)—ENACTMENT OF LOCAL LAWS—SUFFICIENCY OF NOTICE.

A notice published in M. county on January 7, 1915, and continued for more than 30 days before the introduction of the bill, and reciting that a bill would be introduced at the session of the Legislature which convened January 12th, to be entitled an act to establish a board of revenue for said county to consist of five members, etc., in lieu of the commissioners' count, conferring upon said board all the jurisdiction and powers and prescribing for it all the duties of the commissioners' court and abolishing the said court, was sufficiently broad to cover the enactment of Loc. Laws 1915, p. 394, creating a board of revenue for such county and giving to it authority and jurisdiction of the highways and bridges of the county.

2. STATUTES ⬅8½(2) — LOCAL LAWS — NOTICE—SUFFICIENCY.

Such notice being sufficient to advise the public that it was decided to confer upon a board of revenue authority and jurisdiction over the highways and bridges of M. county and also sufficient to authorize repeal of existing

laws in conflict therewith, the later enactment of Loc. Laws 1915, p. 104, creating a highway commission, which act became effective February 24th, did not change the character of the notice, and consequently Loc. Laws 1915, p. 394, which became a law September 25th following, repealed the prior act, which was in conflict therewith and repugnant thereto.

3. STATUTES ⊙⟶8½(2) — NOTICE OF LOCAL ACTS—SUFFICIENCY.

Notice of a local act proposed must be such as to advise the local public of the substantial characteristics and essential provisions of its most important features, and when this is done the Legislature may work out the details unhampered.

Appeal from Circuit Court, Monroe County; A. B. Foster, Judge.

Tom Womack was tried and convicted of driving his wagon over the public road of Monroe county without having paid a vehicle tax, as required by a regulation of the board of revenue of said county legally adopted, and from the judgment of conviction he appeals. Affirmed.

Charles L. Hybart, of Monroeville, for appellant. F. Loyd Tate, Atty. Gen., and Barnett, Bugg & Lee, of Monroeville, for the State.

SAMFORD, J. There are four questions of law presented by the record and insisted on in brief of appellant's counsel: (1) Is the board of revenue of Monroe county, Ala., a duly and legally constituted body? (2) Has the board of revenue of Monroe county jurisdiction over the public roads and bridges of the county? (3) Is the license tax levied by said board of revenue on vehicles in violation of section 211 of the Constitution? (4) Has the board of revenue of Monroe county authority to levy a license tax on vehicles used by the owner for his personal use and not for hire?

[1] 1. The act creating the board of revenue of Monroe county (Local Acts 1915, p. 394) was initiated by the publication of a notice in a paper published in said county on the 7th day of January, 1915, and continuing for more than 30 days before the introduction of the bill in the Legislature. This notice was as follows:

"Notice is hereby given that a bill will be introduced in the Legislature of Alabama, at the present session thereof, which convened on January 12, 1915, in substance as follows:

A Bill

to be entitled an act to establish a board of revenue for Monroe county, to consist of five (5) members, one of which shall be the probate judge, who shall be president thereof, in lieu of the commissioners' court of said county; conferring upon said board of revenue all the jurisdiction and powers and prescribing for it all the duties of the commissioners' court of said county, and otherwise defining its jurisdiction, powers and duties; providing for the appointment of members of said board and prescribing their terms of office; providing for the appointment of a clerk of said board, defining his duties, powers and compensation; and further providing for the compensation of the members

of said board; and to abolish the court of county commissioners. This law to become effective on approval by the Governor."

In February, 1915, at the same session of the Legislature, a bill based on this notice was introduced and by approval became a law on September 25, 1915, at the same session in which it had its origin. The preliminary requirements of the Constitution having been complied with, and the notice being sufficiently broad to cover the enactments, the act is valid. Hudgens v. State, 72 South. 605;[1] State v. Williams, 143 Ala. 501, 39 South. 276; Hanna v. Tunstall, 145 Ala. 477, 40 South. 135; Christian v. State, 171 Ala. 52, 54 South. 1001; Brown v. Slaughter, 196 Ala. 428, 71 South. 416.

[2, 3] 2. It is contended by the appellant, however, that the act creating the board of revenue is void, in so far as it undertakes to confer jurisdiction over the highways and bridges of Monroe county, for that this jurisdiction had already been conferred on another board called the "Highway Commission," by virtue of an act of the Legislature of 1915, which act was approved February 24, 1915, after proper notice, etc. (Local Acts 1915, p. 104), and that the notice of the act to create the board of revenue of Monroe county was not broad enough by its terms to cover an intention to repeal the act creating the board of highway commissioners. It may be conceded that, standing alone, either of these acts would be valid, but both having been enacted into law and being repugnant one to the other, one or the other of them must fall. If the act creating the board of revenue is void, it would be because of a failure to comply with the constitutional requirements as to notice, and if the act creating the highway commission is not the law, it would be because of its having been repealed by the act creating the board of revenue. Notices of local acts proposed must be such as to advise the local public of the substantial characteristics and essential provisions of their most important features, and, when this is done, within this scope the Legislature may work out the details unhampered. State v. Williams, 143 Ala. 501, 39 South. 276; Hudgens v. State, supra. At the time the notice for the creation of the board of revenue was first published and during its continuation, it cannot seriously be contended that such notice was not sufficient to support the act creating said board, and giving to it authority and jurisdiction over the highways and bridges of Monroe county, and authorizing enactments relating and cognate thereto, and to have repealed all laws and parts of laws in conflict therewith. The enactment of the bill creating the highway commission February 24, 1915, did not change the character of the notice, nor could it have changed the information which that notice gave the local public. At that time, the court of county commis-

sioners had full authority and jurisdiction over the highways and bridges of the county. The public was therefore advised that this authority was designed to be conferred upon a board of revenue to be created by a law to be enacted in the future, and to repeal all laws and portions of laws in conflict therewith, and this notice continued and remained the basis of this enactment until the law was completed. The act of February 24th, creating the highway commission, being in conflict with and repugnant to the authority and jurisdiction conferred by the act of September 25th, was not only in terms repealed, but by all the rules of construction of statutes became of no force and effect. Davis v. State ex-rel. County Board of Equalization, ante, p. 397, 78 South. 313, and authorities there cited.

3 and 4. The questions as to the third and fourth contentions made by appellant have already been answered adversely to him in the cases of Hudgens v. State, supra; Windham v. State, ante, p. 383, 77 South. 963, and State v. Strawbridge, ante, p. 195, 76 South. 479.

We find no error in the record, and the judgment is affirmed.

Affirmed.