193 So. 161
**FOREMAN v. DAVIS, President Court of County Com'rs.**

**4 Div. 118.**

Supreme Court of Alabama.

Dec. 14, 1939.

Rehearing Denied Jan. 25, 1940.

B. W. Simmons, of Opp, and E. O. Baldwin, of Andalusia, for appellant.

Murphy & Cook, A. Whaley, W. H. Albritton, and D. M. Powell, all of Andalusia (Ralph A. Clark, R. H. Jones, Mizell & Pearson, Clyde M. Love, Edw. F. Reid, and Jas. M. Prestwood, all of Andalusia, of counsel), for appellees.

FOSTER, Justice.

The purpose of this litigation it to test on certain grounds specified in the bill of complaint the constitutionality of local Act No. 272 (House Bill 639), approved August 24, 1939, to create an inferior court in Covington County with restricted civil and criminal jurisdiction, to operate without juries.

The two features of the Constitution thought to be violated are sections 106 and 45. Insofar as section 106 is sought to have influence, it is thought that the published notice as there required did not "state the substance of the proposed law," as it was enacted; that section 45 was violated in certain respects by the inclusion of matter not germane to the subject expressed in the title.

The contention set out in brief as to the absence of conformity to the notice as published has relation to those features of it which refer to a transfer to that court of misdemeanor cases, and those providing for divisions of the court, and fixing the places of holding sessions of the court in each such division, and in failing to in-

clude the substance of section 32 of the Act, to which specific reference will be made later. It is contended that section 45, Constitution, is violated for that section 32, in some material respects, is not embraced in the subject as set out in the title.

The published notice contains the statement that the proposed bill will in substance, among other things, "provide for transfer for all misdemeanors now on the circuit court docket in said county to said court, and for the transfer to said court of all misdemeanor cases which may hereafter be returned by indictment into the circuit court." But the Act as passed contains the following terms in that respect: "Misdemeanor prosecutions by indictment returned by the grand juries into the circuit court for Covington County after the approval of this Act, may be transferred from the circuit court into this court, if jury trial has not been demanded, or has been waived, and tried by this court without a jury, such transfer to be made either by the court into which the indictment was returned, or by agreement of the solicitor of that court and the defendant, or on motion of either the State or the defense within the discretion of such court." The published notice also contained the statement as to the substance of the proposed bill: "Authorizing and creating divisions thereof and fixing the places of holding sessions of said court in each of such divisions. The bill provides that court "shall be held, and its business sessions, and the trial of causes therein, in the courthouse in Andalusia, the county seat of said county."

Section 32 of the Act, which it is claimed is not substantially stated in the notice, and which is not germane to the subject expressed in the title, is as follows:

"That for the purpose of this Act, all justices of the peace and like officials in and for Covington County, and the judges of any inferior court hereafter created in lieu thereof, are, ex officio, officials of the court hereby created; that all such officials shall once each month, file with the clerk of the court hereby created a list of all criminal and quasi-criminal causes and proceedings filed with them or in their respective courts, the nature of the charge, the name of the defendant, and the disposition of the case, the amount of fine, how and when and to whom paid, the amount of the costs taxed and collected, which report shall be in writing and under oath; provided that all such officials shall, within five days next after the first day of the current month, file such report and to be accompanied with remittance in full of all fines, forfeitures, and funds, other than court costs proper, in all cases disposed of in their respective courts, all laws or parts of laws authorizing any such officials to retain, use or otherwise apply any portion of any such fines, forfeitures or funds other than costs proper, for any purpose, in and so far as Covington County is concerned, being hereby expressly repealed; and any and all such fines, forfeitures and funds aforesaid paid into the clerk of the court hereby created, shall be by the clerk of the court hereby created, paid into 'The County Court Fund' of the county treasury each month, for Covington County; provided further that it shall be the duty of all such justices and like officials for said county, to promptly by writing notify the solicitor of the court hereby created, of all criminal and quasi-criminal prosecutions, filed with or pending in his court or before him as such official, and such solicitor shall have full authority by virtue of his official position as such, and it shall be his duty, to either nol pros such case, or to prosecute the same in such court, or move the official or court to transfer the same into this court, which transfer shall be so made at once, whereupon this court shall at once be vested with and have all the power and jurisdiction to try the same finally, if not a felony, or if a felony to hear and determine the same as in preliminary hearings, the solicitor prosecuting the case, and make such judgments and orders as may be proper, legal or necessary therein. Any wilful failure or refusal of any official to comply with this section or perform any duty or failure to, shall be a misdemeanor, and the basis for contempt proceedings by the court, either on its own motion, or the motion of the solicitor or any citizen."

We have drawn a distinction, respecting a compliance with section 106, Constitution, so that when the published notice contains the entire proposed bill, the specification of detail is restricted and no material change of them nor material additions in the bill as passed may be made. State ex rel. Wilkinson v. Allen, 219 Ala. 590, 123 So. 36; Gray v. Johnson, 235 Ala. 405, 179 So. 221; Shades Valley Land Co. v. Homewood, 235 Ala. 462, 179 So. 815.

But when only the substance of the proposed bill is published, details, not mentioned in the notice, may be included in the enactments so long as they relate to the general purpose and substance set out in the published notice. Christian v. State, 171 Ala. 52, 54 So. 1001; Polytinsky v. Johnston, 211 Ala. 99, 99 So. 839. If details may be added, we think, by analogy, that matter included in the published notice may be omitted from the enactment if it is only a detail, not a substantive or essential feature of it as described in the notice.

The purpose of the notice is said to be that "the local public shall be advised of the substance of the proposed law, of its characteristic and essential provisions, of its most important features." Christian v. State, supra [171 Ala. 52, 54 So. 1002].

The published notice here in question has much in common with that held sufficient in the following cases on the particular attack there made. Ex parte O'Neal, 154 Ala. 237, 45 So. 712; Christian v. State, supra; Polytinsky v. Johnston, supra; Carnley v. Brunson, 227 Ala. 197, 149 So. 87.

A citation of the cases applying the rules to certain situations is helpful in understanding the purpose and effect of the Constitution. None of them are here exactly in point. It is not to be expected that the question will again come to us exactly as presented in some former appeal. Each case depends in this respect upon its own incidents. It is not our purpose to reconcile all our cases on this subject; nor is it important to do so in order to reach an understanding of the principles and apply them correctly. We may concede that some of our cases are not in apparent harmony in the application of them, but more often the inconsistency is more superficial than otherwise.

1. *Transfer of Misdemeanor Cases.*

True, the Act did not undertake to transfer to that court any misdemeanor cases then on the docket. By the time the Act was passed substantially all such cases may have been disposed of. "A legislative judgment is presumed to be supported by facts known to the Legislature, unless facts judicially known or proved preclude that possibility." South Carolina State Highway Dept. v. Barnwell Bros., 303 U.S. 177, 58 S.Ct. 510 (14), 511, 82 L.Ed. 734. "Where the legislative judgment is drawn in question, [inquiries] must be restricted to the issue whether any state of facts either known or which could be reasonably assumed affords support for it." United States v. Carolene Products Co., 304 U.S. 144, 58 S.Ct. 778 (16), 784, 82 L.Ed. 1234.

But we place our conclusion in this respect on the idea that just how and what particular misdemeanor cases on the circuit court docket, then or afterwards there existing, should be transferred to this court is an incidental detail, not one of its characteristic or essential features. The Act does make provision for the transfer of misdemeanor cases in which the grand jury shall thereafter return indictments, not that all shall be transferred, whether or not a jury trial has been demanded. The new court is not to have jury trials. Moreover sometimes is will serve the public better in the opinion of the Legislature to permit the circuit court in its discretion to retain certain misdemeanor cases for trial without a jury. Those details are such as may be worked out by the legislature, and do not form essential substantive features of the notice as published.

The Act should not be stricken on account of that contention.

2. *Divisions of the Court.*

The notice did not state that there would be certain specified divisions of the court or of the county in respect to it. It contained the words "authorizing and creating divisions." Could that mean that in enacting the bill it would be left to the legislature as to whether such divisions would be created and their details?

No certain part of the county could say that under the notice a separate division should include it for separate sessions. The notice contained no specific terms. If divisions were to be made, how many, and where? What locality under such notice can complain that it was mislead? Who in particular was mislead? If it had given notice that there would be two or three, or four divisions, one at Andalusia, another at Opp, another at Florala, and another at Red Level or Gantt, the same question would not be presented. Suppose it had created a division at Andalusia and one at Florala. Could Opp complain under that notice? Could any other locality complain? No locality can say that under that notice it should have a division of the court.

We may assume that the Legislature considered the whole subject of divisions and

concluded that it was best not to have any. We may concede that they should not have done so, had the notice specified the number and places of the divisions even by a general description. We think that a proper interpretation of the notice is to leave that subject as an unsettled detail to the discretion of the Legislature. We do not know to what extent they considered it, nor whether it was urged upon them by any locality.

The notice in that form did not make divisions of the court a substantive and essential feature. Compare in this respect the notice in Carnley v. Brunson, supra.

The Act should not be stricken down on this contention.

Does section 32 of the Act come within its substance as published, and is it germane to its title? It is conflicting with section 3850 (2), Code, whereby justices of the peace are allowed to deduct the amount of their insolvent costs up to $50 per month from the amount of fines and forfeitures which they collect, when they make remittances of it.

This law is criticised as an evil. But such criticism is not an appropriate consideration by this Court. The legislature enacted it. It has been the law for a long time. It is important, both to the justices of the peace and other citizens of the county. The notice did not hint that this would be done. The local public were not by it so advised. Being of a substantial nature, and not mentioned in the published notice, nor the purview of the bill there described, the Act to that extent violated section 106, Constitution.

Whether it also violates sections 96 and 104 (24) has not been urged in this case, and is not considered.

It is also provided in section 32 that the solicitor of this court (at his election, is the meaning) shall either nol pros the criminal cases, each separately, in the justice courts of the county, or prosecute them in those courts, or cause them to be transferred to this court and there prosecuted. All the features of section 32 are tied together, so that it is one connected whole and none of it is included in the published notice.

Section 38 of the Act provides that if any section, portion or provision of it contravenes the Constitution, such shall not affect its remaining portions.

It is well understood that that provision in an act "reverses the presumption of inseparability—[that is] that the legislature intended the act to be effective as an entirety or not at all. [But thereby it] has established the opposite presumption of divisibility." Electric Bond & Share Co. v. Securities & Exchange Comm., 303 U.S. 419 (3), 58 S.Ct. 678, 683, 82 L.Ed. 936, 115 A.L.R. 105. See, South & N. Ala. R. Co. v. Morris, 65 Ala. 193.

But if one unconstitutional provision is so dependent upon the others that the presumption of separability arising from a reversal of the general rule by reason of the expressed intent of the legislature, is overcome from the inherent nature of its different features, all will go down together. State ex rel. v. Montgomery, 177 Ala. 212, 240, 241 (12), 59 So. 294; (see, section 196, Constitution); Ward v. State, 224 Ala. 242, 139 So. 416; Springer v. State ex rel., 229 Ala. 339, 157 So. 219; Union Bank & Trust Co. v. Blan, 229 Ala. 180, 155 So. 612.

In the light of those principles the whole of section 32 of the Act should go down as in violation of section 106, Constitution, not now therefore considering the effect of section 45.

But we do not think that on that account the whole Act should go down especially in view of the presumption of divisibility expressed in it.

The foregoing express the views of GARDNER, J., also; but a majority of the Court, consisting of ANDERSON, C. J., and THOMAS, BOULDIN and BROWN, JJ., have reached a different conclusion, as expressed by BOULDIN, J.; KNIGHT, J., not sitting.

BOULDIN, Justice.

We are of opinion that "authorizing and creating divisions thereof and fixing the places of holding sessions of said court in each of such divisions" appearing in the published notice, was of the substance of the proposed Act.

The inferior court, under the Act as passed, took over much of the jurisdiction, civil and criminal, theretofore vested in Justices of the Peace, local jurisdictions for the convenience of the people.

The notice was an assurance to the people of the county that the inferior court would be held in local divisions to be worked out for their convenience.

It is no answer to say no promise was made to hold court at any particular place, or to create any specified number of divisions. It was an assurance to all that divisions would be created and courts held therein, for the convenience of all.

To hold this feature not of the substance of the bill, because of generality or uncertainty as to the layout of divisions, would be to invite uncertainty in such notices as a saving device.

The notice is to advise the people of the substance of the proposed law.

To omit a substantial provision incorporated in the notice, is to mislead and lull the people into acquiescence.

In this respect the present Act differs from and goes farther than that involved in Polytinsky v. Johnston, 211 Ala. 99, 99 So. 839.

We are impelled, therefore, to hold this Act void for noncompliance with Section 106 of the Constitution.

This renders it unnecessary to pass upon the effect of the alien provisions of Section 32, either under the general rule of severable provisions, or under Section 106 declaring void all laws in violation thereof.

Reversed and rendered.

ANDERSON, C. J., and THOMAS, and BROWN, JJ., concur.

GARDNER and FOSTER, JJ., dissent.

KNIGHT, J., not sitting.