200 So. 756

**STATE ex rel. HAAS v. STONE,**
County Treasurer.

1 Div. 136.

Supreme Court of Alabama.

Feb. 27, 1941.

Rehearing Denied March 20, 1941.

Harry T. Smith & Caffey, of Mobile, for appellant.

678

Gordon, Leigh, Leigh & Gordon, of Mobile, for appellee.

THOMAS, Justice.

The petition was for mandamus to compel payment of salary of an official alleged to be due. There was a judgment sustaining demurrer and dismissing the petition and the taxing of petitioner with the costs.

The grounds of demurrer are to the effect that there was no law in force which made it the duty of appellee, as Treasurer of Mobile County, to honor the warrant in this suit.

The decision of this case depends on the answer to the question of whether Section XXIV of the General Acts of 1939, Acts 1939, pp. 178–189, which was approved March 15, 1939, and which reads as follows: "Sections 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78 and 79 of an Act entitled 'An Act to provide for the general revenue of the State of Alabama,' approved July 10, 1935, and appearing in 1935 General Acts beginning on page 256, be and the same are hereby specifically repealed 30 days after the passage and approval of this Act.", repeals the Act of October 1, 1923 (General Acts of 1923, § 50, p. 179) and which is the same as the General Act of 1935, § 67, p. 289, which reads, in part, as follows: "The members of the courts of county commissioners or Boards of revenue, other than the judge of probate, of the several counties of the State, together with the tax assessor of such counties are hereby constituted a board of review, whose duty it shall be to inspect, review, revise, and fix the value of all the property returned to or listed with the tax assessor for taxation each year; * * *."

In the General Acts of 1923, p. 179, § 50, the members of the courts of county commissioners or boards of revenue "other than the judge of probate * * * to-

gether with the tax assessor of such counties are hereby constituted a board of review, * * * to inspect, review" and revise and fix the "value of all the property returned to or listed with the tax assessor for taxation each year; * * *."

The last provision was carried into the revenue law of 1935 (Acts 1935, p. 289, § 67 et seq.) as above set out. It is observed from this that a new board with specific duties imposed upon its membership, which provided for a new member, secretary and presiding officer from that theretofore existing, under the applicable statutes, was created by the foregoing acts.

Section 50, Gen.Acts 1923, p. 179, declares that the "majority of the board of review shall constitute a quorum"; § 51, Acts 1923, p. 180, gives the right to make rules necessary to carry out the provisions of the act to the end in view; § 53, Acts 1923 p. 180, provides for the oaths of office for each member of the board of review "herein created"; § 55, same act, p. 181, provides the time when the specific duties shall be performed; § 57, same act, p. 182, provides for the hearing of objections duly filed, and §§ 59 and 60, same act, pp. 182 and 183, provide for an appeal by the property owner.

In the General Revenue Act of 1935, Acts 1935, p. 256 at p. 289, the above provisions of the Act of 1923 were re-enacted, being sections 67 to 79, inclusive, under Article III. Said act repealed all laws or parts of laws in conflict with the provisions thereof.

It should be observed that the officers dealt with in the foregoing statutes were such officers as were paid a salary as county commissioners or officials. However, the legislature passed an act providing for the pay of the incumbents in office and for discharging the duties of the board of review, Gen.Acts 1923, p. 596. This act providing for the salary was effective as of the date of organization of the board of review under the Gen.Acts of 1923, p. 179, § 50. It will be noted, further, that by these revenue statutes, the judge of probate, who had theretofore been the president of such boards (under Section 6748 of the Code of 1923) and who had kept the records of the proceedings of such board under Section 6763 of the Code of 1923, was no longer made a member of the board of review, and in his stead the tax assessor became a member and clerk of said

board by express statutory provision, keeping separate minutes under different presiding officers and different secretaries in the respective counties.

The Act of 1939 (General Acts of 1939, p. 178 et seq.) created a "County Board of Equalization" and provided for the selection of its members in a different manner from that formerly in effect. Said act also provided for the terms of office of the various members, as well as for the compensation to be derived. It provided for the powers, rights, authority and duties of said County Boards of Equalization and members thereof; provided for a secretary for each of said boards, who was the county tax assessor, and "abolish[ed] the several County Boards of Review, as now or heretofore created, and * * * repeal[ed] all laws in conflict with this Act."

The question before us for decision was practically decided in State ex rel. Towle v. Stone, County Treasurer, 236 Ala. 82, 181 So. 281, 282, wherein it was declared:

"Following earlier decisions, the established rule is stated in Board of Revenue and Road Com'rs of Mobile County v. State ex rel. Drago, 172 Ala. 155, 54 So. 995, in the following language: 'The law of this state (however it may be in other jurisdictions) is long and well settled that counties are governmental agencies of the state, and that they are therefore charge-able with and liable for those claims or demands—and those only—which the law imposes upon them, or empowers them to contract for. No officer can charge the county with the payment of any claim due him, however meritorious or whatever benefit the county may derive therefrom, unless expressly or by necessary implication authorized by law. * * *

"Here it is clear enough the *Board of Revenue* as such is charged with no duty concerning the matter of property valuation for taxation purposes, which was imposed upon the Board of Review, the other tribunal and a quasi judicial body created for that specific purpose. Gen.Acts 1923, p. 179 et seq. * * *

"The matter of adjustment of tax valuation rested with the *Board of Review*. Neither the county nor its Board of Revenue were delegated any duty or authority in relation thereto. Incidentally, of course, the county had an interest. But there was no duty imposed concerning this adjustment. * * *" [Italics supplied.]

In Hard, State Comptroller, v. State ex rel. Owen, 228 Ala. 241, 153 So. 725, 726, it will be noted that a public officer of the state is described as follows: "It seems to be well settled that one who performs a public function, and his authority is derived directly from the state by legislative enactment, and the law prescribes his duties, powers, and authority, such an one is a public officer of the state. State ex rel. Robertson v. McGough, 118 Ala. 159, 164, 24 So. 395; State ex rel. Winter v. Sayre, 118 Ala. 1, 31, 24 So. 89; Montgomery v. State ex rel. Enslen, 107 Ala. 372, 18 So. 157; Lacey v. State, 13 Ala. App. 212, 68 So. 706; Mechem on Public Officers, §§ 1 and 2; Public Officers by Tharp, § 3."

In Montgomery v. State ex rel. Enslen, 107 Ala. 372, 381, 18 So. 157, 159, a public office is declared to be: "The following citation from 3 Me. 481, on a similar question, is in point: 'We apprehend that the term "office" implies a delegation of a portion of the sovereign power, and the possession of it by the person filling the office; and the exercise of such power, within legal limits, constitutes the correct discharge of the duties of such office. The power thus delegated and possessed may be a portion belonging sometimes to one of the three great departments, and sometimes to another; still, it is a legal power, which may be rightfully exercised, and, in its effects, will bind the rights of others, and be subject to revision and correction only according to the standing laws of the state. An employment, merely, has none of these distinguishing features. * * *'"

Thus, the respective boards of revenue, boards of review and county boards of equalization are each "offices" and their respective members are each "officers", functioning by legislative authority within their respective duties, authorities and powers, as defined and prescribed by law. That is, each such board was an office and each member thereof an officer separate, different and distinct from its predecessor board or office, theretofore designated in the statute as boards of review or county boards of revenue, commissioners, etc. And the authorities above cited together with an examination of the pertinent statutes, above discussed, bring us to the conclusion that such boards constitute "offices" and the members thereof are "officers" within the purview of our statutes and decisions.

The case of Byrd v. State, 212 Ala. 266, 102 So. 223, is not to a contrary effect. In the Byrd case the act abolished the Jury Commission of Crenshaw County and conferred its powers and duties upon the court of county commissioners and provided that the provisions of the jury commission act should govern the county commissioners serving as a jury commission, when not in conflict with the provisions of the later act.

In the instant case the Board of Review was created as a separate office and the members thereof as "officers" and nowhere in the last act was the board of review given the duties, authority, power or jurisdiction that were directly and positively invested in the new boards of equalization. That is to say, in legal effect, when the boards of review were abolished, their powers, jurisdiction and their duties, by positive legislative enactment, were conferred upon the county boards of equalization with its incumbent officers. General Acts 1939, pp. 178, 189, § XXIV, repealed, thirty days after the passage and approval of the act which was April 15, 1939, Sections 67 through 79, inclusive, of the General Revenue Bill of July 10, 1935. Gen. Acts 1935, p. 289.

It follows that the board of review as constituted was abolished by the terms of the General Act of March 15, 1939, supra. The appellant as a member of the board of revenue and road commissioners of Mobile County, Alabama, would not thereafter be entitled to any salary. His petition for the writ is based upon a warrant in amount of $66.66, representing a balance claimed for salary for the last sixteen days of April, 1939, the date of the organization of the Board of Equalization, and when the Board of Revenue of which he was a member was abolished.

We have indicated that the case of State ex rel. Towle v. Stone, County Treasurer, supra, was decisive herein; that the former board of review, a tribunal and quasi judicial body created for the specific purpose, and the county board of equalization was not the same body, but a separate and distinct tribunal and quasi judicial body created for the specific purposes indicated. The latter board succeeded the former and the separate officials thereof were different officials in different offices. There being no continuing "office" of which petitioner was a member, he was not an officer in fact or in law of the county board of equalization,

and hence it is clear that no legal right is shown to have been invested in appellant to the matter or salary for which he prays.

 The right to abolish a former legislative office is well established by our authorities. Lane v. Kolb, 92 Ala. 636, 9 So. 873; Oldham v. Mayor, etc., 102 Ala. 357, 14 So. 793. And our more recent cases are in line with the earlier cases of Perkins v. Corbin, etc., 45 Ala. 103, 119, 6 Am.Rep. 698.

It follows, therefore, from the foregoing that the judgment of the circuit court should be and the same is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and FOSTER, JJ., concur.