1 So.2d 370

STATE, on Inf. of MURPHY, et al. v.
BROOKS et al., Board of Revenue
and Control.

3 Div. 336.

Supreme Court of Alabama.
March 27, 1941.

THOMAS and FOSTER, JJ., dissenting.

56

Murphy & Cook, of Andalusia, and Hill, Hill, Whiting & Rives, of Montgomery, for appellants.

G. W. L. Smith, of Brewton, and B. E. Jones and Hamilton & Jones, all of Evergreen, for appellees.

PER CURIAM.

The published notice of the local act here in question (appearing in the dissenting opinion), was but a publication of the title of the Act. In Wallace v. Board of Revenue, etc., 140 Ala. 491, 37 So. 321, 324, Section 106 was first construed and the Court reviewed the history of former provisions, the evils intended to be remedied and defined the "substance" of the proposed law to mean "its essential and material parts, its essence, or an abstract or compendium of its substance, such as would give the people fair information of what it was".

Our other decisions have followed in line with this initial authority and the holding has been that the "substance of the proposed law" means not merely the subject of it, but an intelligible abstract or synopsis of its material and substantial elements, though the substance may be stated without recital of any details which are subsidiary to the stated elements, which details the legislature is left free to supply.

Some of these authorities are reviewed in Commissioner's Court of Winston County v. County Highway Commission, 224 Ala. 247, 139 So. 356. Our decisions disclose that this Court has given a liberal interpretation of Section 106 of the Constitution to the end there should be no strict construction as to embarrass legislation. Gray v. Johnson, 235 Ala. 405, 179 So. 221. Each case must, of course, depend upon its own peculiar status.

Applying these well understood principles, we feel constrained to hold the notice here insufficient. It gives notice of the subject of the Act, what it relates to, but gives no further indication of its substance. No indication is given by the notice that the salaries of the respective members of the board are to be doubled, with compensation in part out of the road and bridge fund and the gasoline fund as well as the general fund, and their method of

election changed as well as to some change in the method of filling vacancies; that authority is to be given the board to employ an additional deputy sheriff and fix his compensation as the board "may deem advisable"; that the board be given unlimited authority in expenditure of money of the county for establishing community houses, or similar projects including recreation parks; to expend funds for advertisement for new industries; to establish a contingent fund of $5,000 to be expended as the board deems advisable and for the best interest of the county; to purchase and install voting machines when authorized by general law and pay for advertisement of all local bills and appropriate funds for vocational education. Perhaps several mentioned matters may be said to relate to mere details and others concern powers possessed under general law.

We attempt no detailed review of the Act and its many provisions. As observed in the Winston County case, supra, we need not and do not say that any particular provision, standing alone, would invalidate the Act because not disclosed in the notice. But we do feel impelled to say that this notice gives no indication of the substance of the Act. There is no effort whatever to state in the notice an abstract, synopsis or compendium of the Act.

We have given a brief reference to the many provisions of the Act merely by way of illustration that the notice gives no indication that any of these material matters are embraced in the Act. Indeed it but gives notice of the subject of the Act and nothing more.

To uphold the Act as against the provisions of Section 106 of the Constitution would in our opinion brush aside the distinction between said Section and Section 45, which distinction has been so carefully noted and guarded through all our decisions and indeed is required by the very language of Section 106.

However distasteful may be the duty to perform, yet we are persuaded beyond all reasonable doubt that Section 106 of our Constitution was violated by the notice given and that the Act must be invalidated. The judgment of the trial court is accordingly reversed and one here rendered declaring said Act invalid and overruling the demurrer to the petition and the cause is remanded to the trial court for further proceedings in accordance with the views herein expressed.

Reversed, rendered and remanded.

GARDNER, C. J., and BOULDIN, BROWN, and LIVINGSTON, JJ., concur.

THOMAS and FOSTER, JJ., dissent.

KNIGHT, J., not sitting.

THOMAS, Justice (dissenting).

This is an action in the nature of quo warranto for testing the constitutionality of the local act creating a Board of Revenue and Control of Conecuh County, Ala. Local Acts 1939, p. 349 et seq.

The complaint alleged that the defendant Brooks has usurped, intruded into and unlawfully holds without warrant or authority of law the office of Chairman of the Board of Revenue and Control of Conecuh County, Ala., and claims to be clothed with the power and privileges of said office and is exercising powers and functions of same; and that the other named defendants have each usurped, intruded into and unlawfully hold without warrant or authority of law the office of member of the Board of Revenue and Control of Conecuh County, Ala., and claim to be clothed with the powers and privileged of said office and each of them is exercising the powers and functions of same; that each of said offices is a public civil office of the state which purports to be created and established by the Act of the Legislature approved Sept. 19th, 1939, but it is charged that said Act of the Legislature was not legally and constitutionally enacted but violates the Constitution of Alabama.

At the time of filing the complaint, the informant John Murphy gave security for costs which was duly approved. R. T. Murphy, defendant, answered the complaint, admitting the allegations of fact, but neither admitting or denying the conclusion of law that the Act of the Legislature was not legally and constitutionally enacted. The other defendants demurred to the complaint and later filed a plea to jurisdiction and motion to dismiss, which pleading was sought to be amended. The plaintiff filed a motion to strike this plea to the jurisdiction or motion to dismiss as amended and demurred to the plea to jurisdiction and motion to dismiss. The cause was submitted for decision on the motion filed by plaintiff to strike the plea to jurisdiction

and motion to dismiss as amended. That motion was overruled by the court. The cause was submitted on the demurrer by plaintiff to the plea to the jurisdiction and motion to dismiss, and that demurrer was sustained. Thereupon the cause was submitted on the demurrer filed by defendants to the original complaint; and that demurrer was sustained, the complaint dismissed and plaintiff was taxed with the costs for which execution was directed to issue. From that judgment, plaintiff appealed to this court and for review of the holding of the lower court.

The essential issue of the constitutionality vel non of the Act approved Sept. 19th, 1939, Local Acts 1939, p. 349, is presented for decision by reason of the sustaining of the defendant's demurrer to the original complaint, and the holding of the trial court that the act was duly enacted and offended neither Section 106 nor Section 45 of the Constitution. That is to say, the constitutionality of the act depends upon whether the published notice given of the proposed local act stated the substance of the proposed law as required by Section 106 and did not transcend the requirements of Section 45 of the Constitution. Skinner's Alabama Constitution, pp. 257, 495.

The published notice, as appears from the Legislative Journals, is as follows:

"Notice is hereby given of intention to apply to the 1939 regular session of the legislature of Alabama for passage of a local law for Conecuh County, in substance as follows:

"A bill to be entitled an act to create a Board of Revenue and Control of Conecuh County, Alabama, and to abolish the existing Board of Revenue of said County; to prescribe the powers, duties and authority of said Board of Revenue and Control, and the limitations thereon; to fix the qualifications of members of said Board; to fix their compensation, and the manner of payment; to provide for the filling of vacancies on said board; to designate the members thereof and fix their terms of office; to provide for the election of their successors and to fix their terms of office; to provide the effective date of said act, and to repeal all laws and parts of laws, general, special or local, in conflict."

The Board of Revenue of Conecuh County in existence at the time of the enactment of this 1939 statute was established by a Local Act approved Aug. 27, 1927, Local Acts 1927, p. 241. Section 10 of said act was amended in 1931, Local Acts 1931, p. 31, and again in 1932, Local Acts 1932, p. 42. Appellant insists that material and important changes in the pre-existing law in Conecuh County wrought by the act approved Sept. 19, 1939, were first to increase the salaries of the members of the board from a per diem and mileage which combined never exceed $75 per month, Local Acts 1932, p. 42, to a salary of $150 per month, Section 3, Local Acts 1939, p. 349; and, second, to change the mode of election of its members, so that they should be "elected by the voters of the entire county", Section 24, Local Acts 1939, p. 353, instead of "by the qualified electors of said district", Section 2, Local Acts 1927, p. 242.

Appellant contends that the published notice of the proposed law failed to advise the citizens of Conecuh County of these important changes in the pre-existing law.

The established rule in this jurisdiction to be observed in a case like this is that a complaint in an action in the nature of quo warranto "must concisely and clearly set forth the act or omission complained of." Code 1923, § 9940. Further, that the complaint is sufficient "if it avers in general terms that the respondent usurps, intrudes into, and unlawfully holds a designated public office." Sharp v. State ex rel., 217 Ala. 265, 115 So. 392, 393; Hale v. State ex rel., 237 Ala. 191, 186 So. 163. And it is observed that the complaint in the present case is modeled after the appropriate pleading in the Sharp case, supra, and is sufficient to present the question under consideration. The law is well settled that quo warranto is "the proper remedy to test the legal existence of a public office." City of Birmingham v. Henry, 224 Ala. 239, 139 So. 283; Hale v. State, supra; State ex rel. Garrett et al. v. Torbert, 200 Ala. 663, 77 So. 37.

The rules of constitutional construction of statutes are well understood. Jefferson County v. Busby, 226 Ala. 293, 148 So. 411.

In the recent case of Gray v. Johnson, 235 Ala. 405, 179 So. 221, 223, the rules which should govern the court in passing on the constitutionality of an act when it is attacked as to violating Section 106 of the Constitution were said to be as follows:

"The decided cases plainly state the rules by which the courts are to be guided in the determination of questions of this character. The general rule, as to the constitutionality of statutes, is well understood. The courts seek to sustain, and not strike

down, the enactment of a co-ordinate department of the government. All reasonable doubt is resolved in favor of the action of the Legislature. Every legislative act is presumed to be constitutional and every intendment is in favor of its validity. Tucker v. State, 231 Ala. 350, 165 So. 249. And these general rules are as applicable to this provision of our Constitution as to other constitutional limitations upon legislative power. Byrd v. State, 212 Ala. 266, 102 So. 223."

In other cases the language used is that an act will be sustained when its constitutionality is attacked unless the court is convinced of its unconstitutionality beyond all reasonable doubt. In State ex rel. Montgomery v. Merrill, 218 Ala. 149, 117 So. 473, 476, in discussing the constitutionality of an act the court reached the conclusion that the act as a whole was valid, even though some sections might be bad, and then stated: "This of course results from the rule that, before a statute is stricken as unconstitutional, the court must be convinced beyond all reasonable doubt."

Therefore, the court will consider the legislation now being questioned with every presumption in favor of its validity and will not strike down said act unless the court is convinced beyond all reasonable doubt that it violates specific provisions of the constitution.

It is asserted by the appellant that the Act approved September 19, 1939, Acts 1939, p. 349, violates Section 106 of the Constitution of Alabama as to the published notice given and is void on the authority of Commissioner's Court of Winston County v. State, 224 Ala. 247, 139 So. 356; Gray v. Johnson, Treasurer, 235 Ala. 405, 408, 179 So. 221; First Nat'l. Bank v. Smith, 217 Ala. 482, 485, 117 So. 38; State ex rel. Wilkinson v. Allen, 219 Ala. 590, 123 So. 36; Wallace v. Board of Revenue of Jefferson County, 140 Ala. 491, 502, 37 So. 321.

Appellees rest their claim for the constitutional enactment of the local law on the authority of State ex rel. Crumpton v. Montgomery et al. Excise Commissioners, 177 Ala. 212, 59 So. 294, where the issues were declared to be whether such offices were in legal existence, and if so, were respondent officers validly chosen or appointed as incumbents thereof. It was further declared in that case that an act may be invalid in an unessential part and not affect the constitutionality of the whole act.

The rule of exclusion of a part of an act is stated in State ex rel. Montgomery v. Merrill, 218 Ala. 149, 153, 117 So. 473, 477, as follows: "Conceding, without deciding, the invalidity of section 4, yet said section may be stricken, and there still remains the act 'complete within itself, sensible, capable of being executed, and wholly independent of that which is rejected.' Dunn v. Dean, 196 Ala. 486, 71 So. 709; State v. Davis, 130 Ala. 148, 30 So. 344, 89 Am.St.Rep. 23."

So, also, the following cases as to the sufficiency of notice: Leonard v. Lyons, 204 Ala. 615, 87 So. 99; City of Uniontown v. State ex rel. Glass, 145 Ala. 471, 39 So. 814, 8 Ann.Cas. 320; Carnley v. Brunson, 227 Ala. 197, 149 So. 87; Ex parte Bowdoin, 25 Ala.App. 66, 141 So. 911; James v. State, 21 Ala.App. 295, 107 So. 727; Polytinsky v. Johnston, 211 Ala. 99, 99 So. 839; Cadle v. Bland, 213 Ala. 665, 106 So. 170; State, ex rel. Knox v. Dillard et al., 196 Ala. 539, 72 So. 56; Christian v. State, 171 Ala. 52, 54 So. 1001; Law v. State, 142 Ala. 62, 38 So. 798; Dudley v. Fitzpatrick, 143 Ala. 162, 39 So. 384. In these cases the several objections were to insufficiency of the notice to enact the local law in compliance with Section 106 of the Constitution. The acts were upheld. They all agree that each act is referrable to the "particular facts of the particular case." State, ex rel. Knox v. Dillard, supra [196 Ala. 539, 72 So. 58].

In Gray v. Johnson, Treasurer, 235 Ala. 405, 179 So. 221, 224, it is said as to this: "These authorities, in so far as they relate to the application of section 106 of the Constitution, are helpful as illustrative of the general rule by which the court is to be guided, but they serve as illustrations only. Each case must depend upon its own peculiar status; or, as otherwise stated in Commissioner's Court of Winston County v. State, supra (224 Ala. 247, 139 So. 356, 357): 'The application of this rule must turn much upon the act in question.' For in each case the decision must turn upon the 'appraisal of the elemental and substantial features on the one hand, and of the subsidiary and nonsubstantial on the other.' First National Bank v. Smith, supra (217 Ala. 482, 117 So. 38, 41)." (Parenthesis supplied.)

It is unnecessary to discuss the facts of the several decisions cited above. We come to the decision rendered in Commissioner's Court of Winston County v. State,

224 Ala. 247, 139 So. 356, 357, where the concluding observation is:

"We need not and do not say that any particular provision, standing alone, would render the act void because not disclosed in the notice.

"But we are impelled to say that this notice is not such an abstract, synopsis, or compendium of the act as *to fairly advise the reader of its material and substantial provisions.*" (Italics supplied.)

In Gray v. Johnson, Treasurer, supra, Mr. Justice Gardner, quoted from Commissioner's Court of Winston County v. State, supra, as follows:

" 'So we would not be understood as saying the publication of the proposed bill in full would make a provision thereof matter of substance which would otherwise be considered mere matter of detail,' " and in the same case, the Chief Justice further declared that the Constitution did not interfere with the right of the Legislature to direct its work as to details of local legislation; that as to matter of form and detail not affecting the spirit and purpose of the Constitution a liberal interpretation is indulged to uphold rather than to strike down an act. Tucker v. State, 231 Ala. 350, 165 So. 249. Further that the Constitution proceeds upon the theory that all details of every proposed law should not be worked out in chance and without the aid of legislative wisdom (Shades Valley Land Co. v. City of Homewood, 235 Ala. 462, 179 So. 815; Foreman v. Davis, 238 Ala. 666, 193 So. 161); that its provisions required only that the local public shall be advised of the substance of the proposed law (its characteristics and essential provisions) and of its must important features. And the decision in the Gray case, supra, also held that the local public should be informed by the notice given that the legislature had the right to work out the details of that legislation and that the matter of clerical help was a detail or unsubstantial part of the act of which the notice could have been omitted without disturbing the integrity of that enactment. Mr. Justice Gardner concludes his remarks by saying that "The local public was interested in the changed form of this county governing body, general duties of the members of the board, and the manner in which they were to perform them, as well, perhaps, as their method of selection. *They knew* that

that the Legislature had the right to *'shape up and work out the details of local legislation,'* * * *." (Italics supplied.)

The published notice given was the title to the act, and may be subdivided, as follows: "(1) To create a Board of Revenue and Control of Conecuh County, Alabama, and to abolish the existing Board of Revenue of said county; (2) to prescribe the duties, powers and authority of said Board of Revenue and Control, and the limitations thereon; (3) to fix the qualifications of members of said Board; (4) to fix their compensation and manner of payment; to provide for the filling of vacancies on said board; (5) to designate the members thereof and fix their terms of office; (6) to provide for the election of their successors and to fix their terms of office; (7) to provide the effective date of said act; (8) to repeal all laws, and parts of laws, in conflict." (Parenthesis supplied.)

The substance of the bill conforms to the notice, as follows: To create a Board of Revenue and Control of Conecuh County, Alabama (State ex rel. Haas, as Chairman, etc., v. Stone, as Treasurer, Ala.Sup., 200 So. 756 [1]); to abolish the existing Board of Revenue of said county (this section is not controverted in lower court or here); to prescribe the powers, duties, and authority of said Board of Revenue and Control and the limitations thereof (authorized by existing laws, Local Acts 1927, p. 241 et seq.; Womack v. State, 16 Ala.App. 423, 78 So. 417); to fix the qualifications of members of said board and to fix their compensation and manner of payment (Gray v. Johnson, 235 Ala. 405, 179 So. 221; Weaver v. Tidwell, 228 Ala. 169, 153 So. 218; Gen.Acts 1936-37, Extra Session, p. 179; Gen.Acts 1931, p. 805); to provide for the filling of vacancies on said board (deputy sheriffs), Local Acts 1927, p. 242, and clerks of board, same act; Gray v. Johnson, supra; Board of Revenue of Covington County v. Merrill, 193 Ala. 521, 68 So. 971; to provide an office, Local Acts 1927, p. 244; §§ 6755, 224 and 231, Code of 1923; to provide for county engineer, same authorities as above; § 8 of the act provides for the acquiring of rights of way, etc., under general provisions of the Local Acts of 1927, p. 243, and Code of 1923, §§ 1397 (33 and 34), § 7476, 7489, 6757, 6758 and 188, Code of 1923; §§ 1399 and 4100, same Code. The section for payment for advertising pro-

---

[1] 240 Ala. 677.

posed local bills authorized by Local Acts 1927, p. 243; Monroe County Case, Womack v. State, 16 Ala.App. 423, 78 So. 417; Gen.Law, Gen.Acts 1931, p. 760, Code of 1923, § 6755 (14). The provisions of §§ 10 and 11 of the act authorized by School Code, § 411, p. 147; Gen.Acts 1931, p. 687, School Code 1927, §§ 169, 449 and 452; to designate the members thereof and fix the terms of office; to provide for the election of their successors and to fix their terms of office.

Sections 20 to 24 of the instant act are not contested in brief of counsel. The notice had the effect of advising as to the members of the board, their terms of offices and fixing the qualifications of members and to provide for the election of successors in the office so created. All this was sufficiently indicated in the published notice, being the title to the act proposed and being duly passed by the legislature.

The subject of legislative creation of an office, providing for the incumbents in such office, and the terms of their office was discussed in State ex rel. Haas, etc., v. Stone, As Treasurer, 240 Ala. 677, 200 So. 756.

We may conclude with the observation of this court in the language contained in Foreman v. Davis, Pres. Court of County Comm'rs., 238 Ala. 666, 193 So. 161, 162, as follows: "The two features of the Constitution thought to be violated are sections 106 and 45. Insofar as section 106 is sought to have influence, it is thought that the published notice as there required did not 'state the substance of the proposed law,' as it was enacted; that section 45 was violated in certain respects by the inclusion of matter not germane to the subject expressed in the title." This statement is made on the authority of Gray v. Johnson, 235 Ala. 405, 179.So. 221; and Shades Valley Land Co. v. Homewood, 235 Ala. 462, 179 So. 815, where the court also said: "A distinction, respecting a compliance with section 106, Constitution, so that when the published notice contains the entire proposed bill, the specification of detail is restricted and no material change of them nor material additions in the bill as passed may be made. * * * But when only the substance of the proposed bill is published, *details, not mentioned in the notice, may be included in the enactments so long as they relate to the general purpose and substance set out in the published notice.*" (Italics supplied.)

It should be said further that the voting machine section (Section 11, Local Acts 1939, p. 349) is not challenged under brief of appellant's counsel on this appeal. The act of 1939, p. 443, 445–458, contains language similar to and in accord with that contained in Section 11 of this act which was passed after the voting machine act approved Aug. 25, 1939, authorizing installation of such machines in any precinct in which they may be legally installed by general law. McCall et al. v. Automatic Voting Machine Corp., 236 Ala. 10, 180 So. 695.

The notice to prescribe the powers, duties and authorities of said new board would embrace the provisions for providing for a community house, parks and recreation grounds, obtaining new industries for the county and setting up a contingent fund as is provided for in Section 17 of the act, supra.

Section 18 of the act, supra, is a mere cataloguing of the laws in existence on the subject before the enactment of the present law. Local Laws, 1935, p. 16.

Section 19 divides the county into districts and names the various precincts thereof which compose the several districts and this was within the province of the legislature in providing for such districts in the various counties in the states and as set out in the Local Acts of 1927, p. 242, which is also the same as the Local Acts of 1919, p. 118. Leonard v. Lyons, 204 Ala. 615, 87 So. 99.

From this summary of the act and the discussion of the decisions of this court in relation to the subject at hand, it follows that the writer cannot agree with the majority opinion herewith rendered, and, therefore, must respectfully dissent.

FOSTER, J., concurs.