8 So.2d 890

**STATE on Inf. of MURPHY v. JOHNSON.**

**3 Div. 376.**

Supreme Court of Alabama.

June 18, 1942.

J. L. Murphy, of Andalusia, and Hill, Hill, Whiting & Rives, of Montgomery, for appellants.

G. W. L. Smith, of Brewton, and Hamilton & Jones, of Evergreen, for appellee.

BOULDIN, Justice.

This is a proceeding in the nature of quo warranto, instituted by appellant against appellee to test the latter's right to hold office as a member of the Board of Revenue of Conecuh County.

The case was heard below on an agreed statement of facts and relief denied.

As here presented the relator makes no claim to the office himself; but challenges the right and title of respondent and seeks to oust him. As thus presented, we seek to summarize the controlling facts:

The Board of Revenue, the governing body of Conecuh County, was created by local act in 1927, Local Acts 1927, p. 241. The Board consists of a chairman elected by the electors of the county at large, and four members, each elected by the qualified electors of his district. Each has a term of four years, but the terms of the four members are staggered, two of them being elected at each general election. The terms of the chairman and two of the members, elected in 1936, expired January 20, 1941. The terms of the other two members, elected in 1938, extend to January, 1943.

In September, 1939, the Legislature passed an act purporting to create a Board of Revenue and Control for Conecuh County. Local Acts 1939, p. 349.

By this act the governing body still consisted of a chairman and four members, but all elected by the voters of the entire county. The act named the incumbents then in office as the Board of Revenue and Control during the remainder of the terms for which they had been elected, fixing December 31st as the exact date their respective terms should expire. The incumbents qualified under the new act, and thereafter functioned as the Board of Revenue and Control. At the general election in 1940, the chairman and two members whose terms were to expire December 31, 1940, were elected as per the new act. In such election, the respondent, Aubrey Johnson, was elected a member representing District Number 4. The three men so elected, qualified, and together with the two whose terms had not expired, continued to act as the Board of Revenue and Control until March 27, 1941.

On that date this court declared the act of 1939, supra, unconstitutional and void. State, on Inf. of Murphy et al., v. Brooks et al., Board of Revenue and Control, 241 Ala. 55, 1 So.2d 370.

It resulted that the governing body of the county was never clothed with the additional powers and duties sought to be conferred by the act of 1939; that the election of members from the county at large was invalid; that the act of 1927 was still the governing law in the premises.

That the acts of the governing body de facto within the powers conferred by the act of 1927 were valid is not questioned.

Facing the unusual situation wrought by our decision, declaring the invalidity of the act of 1939, the chairman and members then functioning as a governing body undertook by resolutions to reorganize under the act of 1927.

That act provides: "In case of a vacancy on said Board, the same shall be filled by appointment of the other members of said Board. The person so appointed to fill any

vacancy shall be a qualified elector of the District in which such vacancy exists and shall hold office during the unexpired term which he is appointed to fill and until his successor is elected and qualified." Section 2.

The two de jure members, elected under the act of 1927, and whose terms had not expired, undertook to ·fill the vacancy in the chairmanship, naming the chairman elected by the vote of the entire county under both acts of 1927 and 1939. Later a resolution declared him chairman de jure by virtue of such election. The resolutions purported to appoint the two members chosen at the general election of 1940, by act of the two de jure members, by act of the chairman and these two, constituting a quorum, and by act of the full Board, no member voting for himself, but voting for each other. The several appointees so chosen qualified and a commission was issued to each, by the Governor.

This, it appears, was tantamount to an appointment by the Governor.

Did the Governor have authority to appoint members of the Board of Revenue to fill vacancies caused by failure to elect as required by the act of 1927, where de facto officers elected by the people had entered upon their duties, and functioned until it was judicially declared that the law under which they were elected was unconstitutional and void?

Appellant relies upon State ex rel. Little v. Foster, 130 Ala. 154, 164, 30 So. 477, 480. This case dealt with Section 3675 of Code of 1896, touching vacancies in the Board of Trustees of the University. It was said: "It is not amiss to say that the act of 1876 and section 3675 of the Code was not intended to apply to vacancies created by the expiration of a term. This, as we have shown, has been provided for by the constitution. There was therefore no necessity for legislative action, and none, as we have shown, could legally exist which in any wise contravened the provision of the constitution."

We need not review the line of discussion leading to this announcement.

A similar announcement was made in Clark v. State ex rel. Graves, 177 Ala. 188, 59 So. 259, a case also dealing with constitutional provisions relating to general officers of the State Militia. It was held that Section 1474, Code of 1907, did not apply to vacancies in the office ensuing upon the expiration of the term of office.

Appellant insists that the vacancy in the Board of Revenue in District 4 of Conecuh County can be filled only by a special election pursuant to Title 17, § 215, Code of 1940, the fourth clause of which reads: "When any vacancy occurs in any state or county office filled by election of the people, not otherwise provided for by the constitution or laws of this state."

■ The primary purpose of this section is to provide elections to fill vacancies in legislative bodies, in the State Legislature or in Congress. It is not in keeping with the spirit of our institutions that members of the legislative department be named by the executive. To avoid a vacancy a temporary appointment of a United States Senator is provided by statute. Title 41, § 166, Code of 1940. The fourth clause, supra, is a blanket provision, which comes down without change from the Code of 1876, § 249.

Meantime several changes in the law have been made providing for appointments to fill vacancies.

Title 41, Chapter 5, § 160 et seq. of the Code of 1940 deals generally with this subject.

"Any office in this state is vacated: * * *

"By the decision of a competent tribunal declaring his [the incumbent's] election or appointment void, or his office vacant. * * * In such other cases as are or may be declared by law." Title 41, § 160.

"Whenever any office of the state, of any county, or municipality thereof, is vacant from any cause, and there is no way provided by law for the filling of such vacant office, the governor shall appoint a qualified person to fill the unexpired term of such office." § 177, Title 41.

This section derives from the act of 1909, Acts 1909, Sp. Sess., p. 156. It is more inclusive than section 1474, Code of 1907, still appearing as § 176, Title 41, Code of 1940.

■ We are of opinion the expression "vacant from any cause" includes cases of vacancy defined by § 160, supra, and the case in hand is within the terms and purpose of these statutes. It results that if reorganization proceedings undertaken by the Board were ineffective, commissions issued by the Governor were effective, and constituted the appointees officers de jure.

■ This is not to hold the chairman, elected by the people of the county as chairman of the governing body of the county as per the act of 1927, as well as the void act of 1939, may not, in the exercise of a judicial discretion in quo warranto proceedings, be treated as chairman de jure, when he consents to function under the law actually in force and so qualifies, thus providing a quorum empowered to fill vacancies in districts numbers 2 and 4 under the provisions of the act of 1927.

■■ The relator having no legal claim to the office himself, the proceeding in the nature of quo warranto is by the State in her prerogative capacity, to be exercised in the public interest. The judicial department has a discretion in this regard. Rainwater v. State, 237 Ala. 482, 187 So. 484, 121 A.L.R. 981; Birmingham Bar Ass'n v. Phillips & Marsh, 239 Ala. 650, 196 So. 725.

In any event, we find no error in the ruling of the court below.

Affirmed.

All Justices concur.

KNIGHT, J., not sitting.