Appeal by the mayor of the City of Prichard from a declaratory judgment which determined that the clerk-treasurer of that city was not holding office in violation of Tit. 37, § 405, Alabama Code (Recomp. 1958) (now Code of Ala. 1975, §11-43-3). We reverse and remand.
Mrs. Eva C. Green, the clerk-treasurer of Prichard, was appointed to that position by the city council in 1974 and reappointed in 1976. She is a resident of Mobile. For reasons which require no recitation here the mayor brought a declaratory judgment action in the Circuit Court of Mobile County to determine whether Mrs. Green was legally holding office in view of the provisions of § 405, the pertinent part of which states:
 In cities having a population of more than 6,000, there shall be elected by the council, at its first regular meeting or as soon thereafter as practicable, a city treasurer and a city clerk, who shall be residents of such cities and who shall hold office until the next general election and until their successors are elected and qualified. . . . (emphasis added)
The trial court found that the residency requirement contained in § 405 was "specifically repealed" by General Acts of Alabama Numbers 1809 and 2105, Reg.Sess. 1971, and, consequently, that Mrs. Green was not required to be a resident of the City of Prichard in order to hold that city's office of clerk-treasurer:
Section 1 of Act No. 1809 provides that:
 Residency within cities or municipalities having populations of not less than 40,000 nor more than 45,000 . . . shall not be a prerequisite or requirement for employment by such cities or municipalities.
Section 2 is the pertinent portion of Act No. 2105:
 The governing body of any municipality subject to the provisions of this Act may not terminate the employment of any of its personnel for not being residents of said municipality, when the place of residence of such employee is owned by the employee, and has been located within said municipality until such time as the boundaries of said municipality were altered, rearranged or changed so as to exclude said residence from within the corporate boundaries of said municipality.
The appellant's principal contention is:
That because § 405 applies to cities having populations in excess of 6,000, Prichard being one of these, Mrs. Green should have been ruled ineligible for the office. Appellant maintains that Act 1809 was a local Act whose effect was to amend the city's charter, in violation of § 104 (18), Alabama Constitution of 1901. This follows, he contends, because § 405, a general law, was a part of the city charter, citing State v.Cole, 269 Ala. 39, 110 So.2d 273 (1959).
On the other hand, the appellees maintain that the two Acts mentioned above specifically repealed the residency requirements of § 405 as it relates to the City of Prichard, and furthermore, that the issue of the constitutionality of Act 1809 was raised for the first time on appeal and thus it cannot be considered by this Court.
A review of the pleadings and of the trial court's order compels the conclusion that the issue of constitutionality was not raised in the lower court by either party. It is well settled that this Court will not *Page 379 
consider constitutional questions which were not raised in the court below. Smith v. State, 280 Ala. 241, 192 So.2d 443
(1966). Thus we cannot consider the appellant's argument on that point. This leaves for our review only the question of the trial court's interpretations of Acts 1809 and 2105 and their application to this controversy.
We dispense with Act No. 2105 initially because there is nothing in the record to disclose its applicability here. In other words, assuming arguendo that Act No. 2105 modified § 405 (which we do not decide), nothing was established to show that the employee owned the place of residence or that the place of residence was within the City of Prichard until its boundaries excluded it. By the terms of that Act, either of those two conditions must have occurred before the prohibition on termination of employment for non-residency under that Act became effective.
Neither side makes an issue of the application of the population "brackets" contained in Act No. 1809 to the City of Prichard. The only issue remaining on the merits is whether Act No. 1809, stating that residency shall not be a prerequisite for employment, amended § 405 which does make residency a requirement for election of a city treasurer and a city clerk.
We do not interpret Act No. 1809 to make any such modification of § 405. The latter section deals specifically with the election by the council of certain officers, a clerk and a treasurer. While the word "employment" is loosely defined as "the act of being employed," Webster's Third InternationalDictionary, G. C. Merriam Co., 1971, it also has as a narrower meaning "work in which one's labor or services are paid for by an employer." Webster's, supra. Section 405 refers to particular offices of an executive nature, while Act No. 1809 refers only to employment. When used in the context of a public office, it has been held that:
 "We apprehend that the term `office' implies a delegation of a portion of the sovereign power, and the possession of it by the person filling the office; and the exercise of such power, within legal limits, constitutes the correct discharge of the duties of such office. The power thus delegated and possessed may be a portion belonging sometimes to one of the three great departments, and sometimes to another; still, it is a legal power, which may be rightfully exercised, and, in its effects, will bind the rights of others, and be subject to revision and correction only according to the standing laws of the state. An employment, merely, has none of these distinguishing features." State v. Stone, 240 Ala. 677, 680, 200 So. 756, 758 (1941) quoting from Montgomery v. State ex rel. Enslen, 107 Ala. 372, 381, 18 So. 157, 159.
It is consistent with this distinction to conclude that by enacting Act No. 1809, the legislature intended it to apply to persons employed by the applicable cities who were not officers charged with executive functions. Indeed, these officers specified in § 405 are within the executive level of those who direct the services and labor of "employees." Had the legislature desired the word "employment" as it is used in Act No. 1809 to encompass treasurers, clerks and other corporate officers, it would have been an easy matter to have manifested that intent in the face of other statutes which contain express references to specific positions. Cf., e.g., Tit. 37, § 403,Alabama Code (Recomp. 1958) (now Code of Ala. 1975, § 11-43-1). Accordingly, we hold that Act No. 1809 did not amend Tit. 37, § 405, and that the trial court erred when it arrived at a contrary position. Having reached this decision, it is unnecessary to comment upon the other issues raised by the parties to this appeal.
The judgment must be reversed and remanded, and it is so ordered.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur. *Page 380